41595.   REDD v. BRISBON et al.

SUBMITTED OCTOBER 6, 1965—DECIDED JANUARY 5, 1966—
REHEARING DENIED JANUARY 21, 1966.

*Eugene M. Kerr. Jay M. Sawilowsky,* for appellant.
*Thurmond, Hester, Jolles & McElmurray, Thomas R. Burnside, Jr.,* for appellees.

FRANKUM, Judge.   The judgment appealed from granted a summary judgment in favor of the defendant Marcus Thomas and dismissed the action as to that defendant.   It is contended that that judgment was error because there was a genuine and material issue of fact to be determined by a jury.   Briefly stated, the facts disclosed by the pleadings and the evidence adduced upon the motion for a summary judgment showed that on the date and at the time in question the defendant Warren Larry, Jr., drove his automobile into the service station operated by the defendant Marcus Thomas and requested that the defendant Thomas wash it.   When Thomas told him that he could not get to the job immediately, he requested that Thomas furnish him someone to go with him for the purpose of bringing the automobile back to the service station.   Thomas informed Larry that he had no employee present who could perform this service for him, but, according to the answers made to interrogatories of the plaintiff addressed to the defendant Larry, the defendant Thomas directed the defendant Brisbon, another customer of the defendant Thomas who happened to be present in the service station at that time, to accompany Larry in his automobile for the purpose of returning it to the service station.

Brisbon did so, and while driving the automobile back to the service station collided with the automobile of the plaintiff, inflicting injuries on the plaintiff's wife and children and damages to the plaintiff's automobile for which the plaintiff brought suit against Marcus Thomas, Warren Larry, Jr., and Curtis P. Brisbon. The appellant contends in substance that, under the testimony of Warren Larry, Jr., given in his answers to the plaintiff's interrogatories, wherein he stated that Curtis Brisbon was driving his automobile at the direction of Marcus Thomas, a jury would be authorized to find that Curtis Brisbon, in driving the automobile of Warren Larry on the occasion in question, was the servant of Marcus Thomas, and that Marcus Thomas would be jointly liable under the doctrine of respondeat superior to the plaintiff for any negligence of the defendant Curtis Brisbon in the operation of the automobile.

In *Brown v. Smith*, 86 Ga. 274, 276 (12 SE 411), the Supreme Court, in quoting Wood, in his work on Master & Servant, § 317, said: " 'The real test by which to determine whether a person is acting as the servant of another is to ascertain whether at the time when the injury was inflicted he was subject to such person's orders and control, and was liable to be discharged by him for disobedience of orders or misconduct.' " This test was approved, and applied again, in *Bibb Mfg. Co. v. Souther*, 52 Ga. App. 722 (184 SE 421). In the latter case this court, speaking through Judge MacIntyre, undertook to enumerate the various elements that have been considered by the authorities over the years in determining whether the relationship of master and servant existed between two individuals. These elements are, of course, relatively few and simple. For instance, the payment of wages by one person to the other is a circumstance indicating the existence of the relationship. Secondly, the determination of whether one, admittedly an employee of someone, was the employee of the particular person in question might be indicated by whether that particular person had appointed him to the task. But, absent control by the appointing person while the work was in progress, this would hardly be conclusive. Correlatively, the power to discharge "has a strong tendency to show that the relation of master and

servant existed between them." Finally, among the criteria is the question of "for whose benefit the given work was done." As indicated by the quotation embodied in Judge MacIntyre's opinion near the middle of page 727 of 52 Ga. App., this criterion generally may be used only to settle the question as to which of two persons was the servant's master. Indeed, as will be more fully discussed hereafter, this criterion standing alone cannot be the basis in Georgia for fixing liability upon an alleged owner of an automobile for the negligence of the driver. *Frankel v. Cone*, 214 Ga. 733 (107 SE2d 819).

The facts disclosed by the pleadings and the answers to the interrogatories submitted on the motion for a summary judgment by the defendant Thomas in this case, when construed in the light most favorable to the contentions of the plaintiff, as should be done in determining whether the grant of the summary judgment in favor of the defendant Thomas was proper, show unequivocally that the relationship of master and servant did not exist between the defendant Thomas and the defendant Brisbon. Indisputably, Brisbon was no more than a customer, a mere stranger, to Thomas. No general employment by Thomas of Brisbon existed. No payment of compensation for the services to be performed by Brisbon appears to have been contemplated. Conceding, as stated by the defendant Larry in his answers, that Brisbon accompanied him at the direction of Thomas for the purpose of returning the automobile to Thomas' service station, he was, in doing so, nothing more than a mere volunteer. Thomas had no right to control his performance of the task, and, indeed, would have had no power to compel Brisbon to return the automobile to his station or to punish him for his failure to do so. Since there was no employment, there was nothing upon which any power of discharge could have operated, and, while it may be said that if the automobile had been returned to Thomas' station, it would have benefited Thomas, in that it would have afforded him the opportunity of serving an additional customer, the performance of this task would have been also for the benefit of Larry, in that it would have afforded him the convenience of having his automobile returned to be washed. If it be contended that the

acquiescence of Brisbon in the *direction* by Thomas that he go with Larry and return the automobile could be said to indicate an acknowledgment by Brisbon of control by Thomas over the task of bringing the automobile back, this is insufficient, because it is not the actual exercise of control which is regarded by the authorities as indicating the existence of the relationship of master and servant, but it is the existence of the *right* to exercise such control. Clearly, there was no such right in Thomas in this case. See *Graham v. Cleveland,* 58 Ga. App. 810 (200 SE 184).

The appellant argues with much vigor that, before Brisbon was given custody of the automobile, Larry had given possession of it to Thomas; that this constituted a bailment for hire, and that Thomas had thereby acquired at least a qualified ownership of the automobile which he could have asserted against all the world except Larry; that since Brisbon was driving the automobile with the permission of Thomas, Thomas was therefore liable to the plaintiff as the qualified owner of an automobile being driven for his benefit or in furtherance of his business. Conceding the validity of the appellant's major premise, this contention cannot be sustained. As pointed out by Judge Guerry in the *Graham* case, supra (58 Ga. App. 810), the mere fact that at the time injuries were inflicted the actor was performing work beneficial to the defendant does not render such third person responsible for his negligent acts. This was the law prior to 1955 when the legislature enacted a statute which sought to make the owner of a motor vehicle liable for death or injuries to persons or property resulting from the negligent operation of the automobile where, at the time of the infliction of the injuries, it was being used in the promotion of the business of the owner or being operated for his benefit. Ga. L. 1955, pp. 454, 455. This Act was held unconstitutional in *Frankel v. Cone,* 214 Ga. 733, supra. The effect of that ruling was that mere ownership of an automobile involved in a collision may not be made the basis for holding an owner liable for the negligent operation of the automobile without showing that the defendant owner was guilty of some other negligent act which proximately contributed to the plaintiff's

injury. Conceding, therefore, that the facts proved on the motion for a summary judgment show that the defendant Thomas had acquired a qualified ownership of the automobile by reason of the transaction between him and the defendant Larry before the defendant Brisbon undertook to return the automobile to the defendant Thomas' service station, the mere fact that Brisbon was driving the automobile with the direction of or with the knowledge and consent of the defendant Thomas would not, standing alone, be sufficient to impose liability upon Thomas for Brisbon's negligence. *Frankel v. Cone,* 214 Ga. 733, supra.

It follows that the trial court did not err in sustaining the motion of the defendant Thomas for a summary judgment and in dismissing the action as to him.

*Judgment affirmed. Bell, P. J., and Hall, J., concur.*