### 68493. DUNHAM v. WADE et al.
(323 SE2d 223)

CARLEY, Judge.

Appellee-defendant Mr. Wade owned a 1978 Chevrolet Monte Carlo. With Mr. Wade's permission, his wife, appellee-defendant Mrs. Wade, was operating the automobile on May 15, 1979. Mrs. Wade drove the automobile to the home of a baby-sitter to pick up the Wades' child. The baby-sitter's home was located in a residential area and Mrs. Wade parked on the street in front of the house. She left the keys in the ignition. Because the child was not quite ready, Mrs. Wade was required to wait inside the baby-sitter's house for several minutes. During that short period of time, the automobile was stolen by Garrett Douglas, who was a total stranger to the Wades.

After stealing the vehicle, Douglas drove it to the home of appellant-plaintiff Mrs. Dunham. Mrs. Dunham's son joined Douglas for a drive. Douglas wrecked the car and Mrs. Dunham's son died as the result. Mrs. Dunham filed the instant action against the Wades and Douglas. As against the Wades, Mrs. Dunham's complaint alleged

that leaving the keys in the ignition of the automobile was an act of negligence on the part of Mrs. Wade and that Mr. Wade was liable for this negligence under the family purpose doctrine.

The Wades filed their answer and raised, among their other defenses, the failure of Mrs. Dunham's complaint to state a claim. OCGA § 9-11-12 (b) (6). The Wades subsequently made a motion to dismiss for failure to state a claim. Attached to their motion to dismiss were the affidavits of both Mr. and Mrs. Wade. Mrs. Dunham also secured an affidavit which she filed in opposition to the Wades' motion. Less than thirty days after the motion to dismiss had been filed, the trial court conducted a hearing, the result of which was the dismissal of the complaint as against the Wades. Mrs. Dunham's action then proceeded solely against Douglas. After a default judgment was entered against Douglas, Mrs. Dunham filed the instant appeal, enumerating as error the dismissal of her complaint against the Wades.

1. The first issue that must be addressed is whether the dismissal of the action as against the appellees must be reversed on procedural grounds. Since the affidavits of the Wades were "presented to and not excluded by the court," appellant urges that their motion to dismiss should have been "treated as one for summary judgment and disposed of as provided in Code Section 9-11-56 . . ." OCGA § 9-11-12 (b). Accordingly, the asserted procedural error is the trial court's conduction of the hearing on appellees' motion less than thirty days after it had been filed.

It was error to conduct the hearing on appellees' motion less than thirty days after it had been filed. *Jaynes v. Douglas*, 147 Ga. App. 678 (250 SE2d 14) (1978). However, "[a]ppellant did not advance this argument at any time to the trial court. [Her] attempt to raise the issue for the first time [on appeal] comes too late. [Cit.]" *Sibley v. City of Atlanta*, 152 Ga. App. 723, 724 (263 SE2d 698) (1979). See also *Johnson v. Heifler*, 141 Ga. App. 460, 461 (233 SE2d 853) (1977).

2. "[M]ere ownership of an automobile involved in a collision may not be made the basis for holding an owner liable for the negligent operation of the automobile without showing that the defendant owner was guilty of some other negligent act which proximately contributed to the plaintiff's injury." *Redd v. Brisbon*, 113 Ga. App. 23, 26-27 (147 SE2d 15) (1966). "With reference to the issue of proximate cause, there can be no recovery by a plaintiff for the negligence of a defendant 'which was not the proximate cause of the injury. If the cause was remote and furnished only the condition or occasion of the injury, it was not the proximate cause thereof.' [Cits.]" *Church's Fried Chicken v. Lewis*, 150 Ga. App. 154, 157 (256 SE2d 916) (1979). " 'The owner, or keeper, of an automobile will not be held liable for a negligent homicide committed therewith in a public street by a per-

son old enough to be discreet and responsible in the eyes of the law, who took the machine, without the knowledge of the former.' [Cit.]" *Rape v. Barker*, 25 Ga. App. 362, 363 (103 SE 171) (1920). "Even if we could for a moment concede . . . that it would be negligent for a person to leave an automobile in a shop or garage without chaining it down or locking it in, still when the injury which actually happens is directly resultant from the immediate negligence of a conscious, efficient, and responsible actor, with whose conduct the former is in no wise bound by any privity, the leaving of the machine unguarded is not the proximate cause of the injury." *Lewis v. Amorous*, 3 Ga. App. 50, 56 (59 SE 338) (1907).

The fact that the keys were left in the unguarded automobile would not authorize a recovery against the owner for the injuries which were the result of its subsequent negligent operation by a thief. See *Robinson v. Pollard*, 131 Ga. App. 105 (205 SE2d 86) (1974). See also *Roach v. Dozier*, 97 Ga. App. 568 (103 SE2d 691) (1958); *Chester v. Evans*, 115 Ga. App. 46 (153 SE2d 583) (1967). "The persons immediately responsible will be held to full liability; but persons only so remotely connected with the injury . . . can not be held." *Lewis v. Amorous*, supra at 58.

This analysis is not changed by the existence of OCGA § 40-6-201, which provides: "No person driving or in charge of a motor vehicle shall permit it to stand unattended without first stopping the engine, locking the ignition, effectively setting the brake, and, when the vehicle is standing upon any grade, turning the front wheels to the curb or side of the highway." The statute does not, by its express terms, require removal of the keys from the ignition of an unattended car. From the enumerated acts that this statute does require, it is apparent that it is not intended to be an anti-theft statute and was not enacted to protect the public from the negligent operation of automobiles by thieves. All the statute does do is restate the common law duty regarding the parking of automobiles. " 'When . . . the person in charge of a motor car leaves it upon the street, it is his duty to take all reasonable care that no injury will result *during the time the machine is there*, especially if the car be left standing alone with no person in charge of it. It is *not* his duty, before leaving the car, to chain it to a post, or in some manner to fasten it so that it would be *impossible for it to be started by a third person.*' " (Emphasis supplied.) *Lewis v. Amorous*, supra at 55-56.

Leaving the keys in an unattended vehicle is not one of the acts proscribed by the statute and injuries resulting from a thief's subsequent negligent operation of the vehicle is not among the injuries the statute seeks to prevent. Therefore, OCGA § 40-6-201 is not applicable to the facts involved on the issue raised in the instant case. See generally *Potts v. Fidelity Fruit &c. Co.*, 165 Ga. App. 546 (301 SE2d

903) (1983).

3. The trial court did not err in granting appellees' motion to dismiss the action as to them for failure to state a claim.

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 27, 1984 —
REHEARING DENIED OCTOBER 16, 1984 ■

*Clarence L. Martin*, for appellant.
*Jonathan D. Sprague*, for appellees.