A89A0346. PRICE v. BIG CREEK OF GEORGIA, INC.
(382 SE2d 356)

BANKE, Presiding Judge.

Appellant Price sued Michael Joe Coleman and appellee Big Creek of Georgia, Inc., d/b/a American Rent to Own, to recover for injuries she allegedly sustained when Coleman struck her automobile while driving a pickup truck which he had allegedly stolen from Big Creek's possession. The trial court dismissed the claim against Big Creek pursuant to OCGA § 9-11-12 (b) (6) and entered a final judgment on that order pursuant to OCGA § 9-11-54 (b). This appeal followed.

The amended complaint alleged that an employee of Big Creek, acting within the scope of his employment, left the truck unattended on a public street in the city of Savannah at approximately 2:00 p.m. with the keys in the ignition and that, only minutes thereafter, Coleman entered the vehicle without authority, drove away in it, and negligently collided with the appellant's vehicle. The appellant alleged that her injuries were the proximate result both of Coleman's negligent driving and of Big Creek's negligence in leaving the vehicle unattended with the keys inside. *Held*:

" '(M)ere ownership of an automobile involved in a collision may not be made the basis for holding an owner liable for the negligent operation of the automobile without showing that the defendant owner was guilty of some other negligent act which proximately contributed to the plaintiff's injury.' [Cit.] . . . The fact that the keys were left in the unguarded automobile would not authorize a recovery against the owner for the injuries which were the result of its subsequent negligent operation by a thief." *Dunham v. Wade*, 172 Ga. App. 391 (2), 392-3 (323 SE2d 223) (1984). Accord *Robinson v. Pollard*, 131 Ga. App. 105 (205 SE2d 86) (1974).

The appellant asserts that *Dunham*, supra, is not controlling in the present case because there the vehicle had been parked in a residential neighborhood, whereas here the vehicle was left unattended on a commercial street. A similar "special circumstances" argument was rejected by this court in *Robinson v. Pollard*, supra, where the vehicle had allegedly been left parked with the keys in the ignition "in a high crime area in Atlanta." The complaint in the present case alleges that the vehicle was stolen in the middle of the afternoon in "plain view" of Big Creek's employee, virtually immediately after the latter had exited it. Under the foregoing authorities, these allegations establish conclusively that the accident was not the proximate result of any negligence on the part of Big Creek, with the result that its motion to dismiss was properly granted. See *Vaughan v. Vaughan*, 253 Ga. 76, 77 (317 SE2d 201) (1984).

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED MARCH 1, 1989 —
REHEARING DENIED MAY 11, 1989 —

*Joseph B. Bergen, Frederick S. Bergen,* for appellant.
*Hunter, Maclean, Exley & Dunn, Anne Marscher, Lee C. Mundell,* for appellee.