A89A2202. J. C. LEWIS MOTOR COMPANY v. GILES.
(391 SE2d 19)

COOPER, Judge.

This appeal follows our grant of appellant's application for inter-locutory review of the trial court's order denying appellant's motion to dismiss.

Appellee was injured when the car she was driving was struck by a car owned by appellant and driven by a 15-year-old youth. Appellee filed suit against appellant, a car dealership, alleging its agents and employees were negligent in leaving the keys to appellant's car in a place accessible to the 15-year-old. In its answer, appellant averred that the collision had occurred after the car was stolen from appellant and raised the defense of failure to state a claim. Appellant subsequently filed a motion to dismiss based on OCGA § 9-11-12 (b) (6), which motion the trial court denied.

This case is controlled by a line of cases that includes *Price v. Big Creek of Ga.*, 191 Ga. App. 534 (382 SE2d 356) (1989) and *Dunham v. Wade*, 172 Ga. App. 391, 392 (323 SE2d 223) (1984). "Mere ownership of an automobile involved in a collision may not be made the basis for holding an owner liable for the negligent operation of the automobile without showing that the defendant owner was guilty of some other negligent act which proximately contributed to the plaintiff's injury. [Cit.] . . . The fact that the keys were left in the unguarded automobile would not authorize a recovery against the owner for the injuries which were the result of its subsequent negligent operation by a thief. [Cits.] The persons immediately responsible will be held to full liability; but persons only so remotely connected with the injury can not be held. [Cit.]" Id.

Appellee maintains that the trial court correctly denied the motion to dismiss since there was evidence that vehicles had previously

been stolen from appellant. However, this court has ruled in the cases cited above that negligence which results in the theft of a vehicle later involved in a collision is not sufficient negligence to authorize a claim against the owner. Since appellee alleged only that appellant was negligent in permitting the car to be stolen, appellee stated no claim against appellant, and the motion to dismiss should have been granted.

*Judgment reversed. Deen, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 12, 1990.

*Kennedy, Lewis, Smart & Brannon, Charles W. Brannon, Jr.,* for appellant.

*Thomas J. Mahoney, Jr.,* for appellee.