A95A2834. LONG v. HALL COUNTY BOARD OF
COMMISSIONERS et al.
A95A2835. LONG v. DEPARTMENT OF CORRECTIONS et al.
A95A2836. LONG v. PHILLIPS et al.
A95A2837. HAMMOND v. HALL COUNTY BOARD OF
COMMISSIONERS et al.
A95A2838. HAMMOND v. DEPARTMENT OF CORRECTIONS
et al.
A95A2839. HAMMOND v. PHILLIPS et al.
(467 SE2d 186)

McMurray, Presiding Judge.

Plaintiffs Marsha Long and Peggy Lynn Hammond brought separate but identical tort actions seeking to recover for personal injuries received when, on June 9, 1992, the automobile in which they were riding was struck by a truck owned by defendant Malcolm Richard Phillips and driven by defendant Jerome Walker. The material facts are not in dispute. While an inmate under the custody of defendant Hall County Correctional Institute (the "Correctional Institute") and defendant Georgia Department of Corrections (the "Department of Corrections"), Jerome Walker escaped from a minimum security work detail. Jerome Walker then stole Malcolm Richard Phillips' truck, which had been parked with the keys left in the ignition. Allegedly as a result of Jerome Walker's negligent driving, he caused a head-on collision resulting in plaintiffs' injuries. According to the amended complaint, Jerome Walker "was permitted to gain access to defendant [Malcolm Richard] Phillips' vehicle due to the negligence of employees and/or agents of the . . . Correctional Institute and/or the . . . Department of Corrections," because Jeffery A. Cates, the correctional officer assigned to the particular work detail, failed to inspect the work area for means of escape and further failed to supervise Jerome Walker. Defendant Malcolm Richard Phillips was negligent by leaving "his vehicle unlocked knowing that the keys were in the vehicle and knowing that, . . . prisoners were in the area where the vehicle was parked." Defendant Hall County Board of Commissioners is allegedly "vicariously liable under a theory of respondeat superior for the acts, omissions and negligence of defendant [Malcolm Richard] Phillips."

Jerome Walker was personally served by leaving a copy of each summons and complaint with Robert Ingram, "a person of suitable age and discretion," at Jerome Walker's dwelling and usual place of abode. No defensive pleadings were filed on Jerome Walker's behalf

and default judgment was entered against him. The Hall County Board of Commissioners and the Correctional Institute answered, denying the material allegations of negligence, asserting immunity, but further admitting that Jerome Walker was a "state prisoner" at the time of the collision; that the Correctional Institute is a "county work camp housing state inmates and [which] operates under the control of Hall County[, . . .] subject to various regulations of the Georgia Department of Corrections"; and that Jerome Walker was on a "work detail prior to the collision. . . ." Also there is an "insurance policy apparently covering the . . . Correctional Institute for any liability against it based on the incident . . . involving the motor vehicle collision." The Department of Corrections denied the material allegations but admitted that "[u]nder the Georgia Tort Claims Act, O.C.G.A. § 50-21-20 et seq., the Georgia Department of Corrections has waived any sovereign immunity." Defendant Malcolm Richard Phillips admitted that the vehicle "owned by him . . . was stolen by Defendant Walker on June 9, 1992[,]" and cross-claimed against Jerome Walker, seeking to recover the value of his vehicle and reimbursement for any damages assessed against Malcolm Richard Phillips.

After discovery, each remaining defendant moved for summary judgment, which was granted by the trial court. Plaintiffs appealed directly to the Supreme Court of Georgia, which transferred these six appeals to the Court of Appeals of Georgia. In Case No. A95A2834, Marsha Long appeals from the grant of summary judgment to defendants, the Hall County Board of Commissioners and the Correctional Institute. In Case No. A95A2835, Marsha Long appeals from the grant of summary judgment to the Department of Corrections and its agents. In Case No. A95A2836, Marsha Long appeals from the grant of summary judgment to Malcolm Richard Phillips. In Case No. A95A2837, Peggy Lynn Hammond appeals from the grant of summary judgment to the Hall County Board of Commissioners and the Correctional Institute. In Case No. A95A2838, Peggy Lynn Hammond appeals from the grant of summary judgment to the Department of Corrections and its agents. In Case No. A95A2839, Peggy Lynn Hammond appeals from the grant of summary judgment to Malcolm Richard Phillips. As the plaintiffs raise identical contentions and enumerations of error, the cases are hereby consolidated for disposition on appeal in this single opinion. *Held*:

### Case Nos. A95A2836 and A95A2839

1. With respect to defendant Malcolm Richard Phillips, plaintiffs contend the trial court's grant of summary judgment is erroneous because a jury should determine whether Malcolm Richard Phillips' act of leaving an unlocked car with the keys in it near a county work farm

is reasonably foreseeable as a contributing cause to the injuries they sustained when Malcolm Richard Phillips' truck, as negligently driven by the escapee Jerome Walker, collided with their vehicle. This contention is controlled adversely to plaintiffs by a venerable line of authority holding that the alleged negligence of the owner, in leaving the keys in the ignition, is not the legal cause of personal injuries sustained due to the negligent operation of a stolen vehicle by a thief.

" '(M)ere ownership of an automobile involved in a collision may not be made the basis for holding an owner liable for the negligent operation of the automobile without showing that the defendant owner was guilty of some other negligent act which proximately contributed to the plaintiff's injury.' *Redd v. Brisbon*, 113 Ga. App. 23, 26-27 (147 SE2d 15) (1966). 'With reference to the issue of proximate cause, there can be no recovery by a plaintiff for the negligence of a defendant "which was not the proximate cause of the injury. If the cause was remote and furnished only the condition or occasion of the injury, it was not the proximate cause thereof." (Cits.)' *Church's Fried Chicken v. Lewis*, 150 Ga. App. 154, 157 (256 SE2d 916) (1979). ' "The owner, or keeper, of an automobile will not be held liable for a negligent homicide committed therewith in a public street by a person old enough to be discreet and responsible in the eyes of the law, who took the machine, without the knowledge of the former." (Cit.)' *Rape v. Barker*, 25 Ga. App. 362, 363 (103 SE 171) (1920). 'Even if we [were] for a moment [to] concede . . . that it would be negligent[, i.e., a breach of a duty of care owed to others,] for a person to leave an automobile . . . without chaining it down or locking it . . . , still when the injury which actually happens is directly resultant from the immediate negligence of a conscious, efficient, and responsible actor, with whose conduct the former is in no wise bound by any privity, the leaving of the machine unguarded is not the proximate cause of the injury.' *Lewis v. Amorous*, 3 Ga. App. 50, 56 (59 SE 338) (1907). The fact that the keys were left in the unguarded automobile would not authorize a recovery against the owner for the injuries which were the result of its subsequent negligent operation by a thief. See [the whole court decision of] *Robinson v. Pollard*, 131 Ga. App. 105[, 106 (1), 107] (205 SE2d 86) (1974)." *Dunham v. Wade*, 172 Ga. App. 391, 392 (2) (323 SE2d 223). In Georgia, it is not the duty of the owner or driver of an automobile, before leaving it parked, to render the vehicle "impossible for it to be started by a third person." *Lewis v. Amorous*, 3 Ga. App. 50, 56, supra. We decline plaintiffs' invitation to hold that *Dunham v. Wade*, 172 Ga. App. 391, 392 (2), 393, supra, "incorrectly interprets O.C.G.A. § 40-6-201," regarding the absence of a statutory requirement that a driver remove the ignition key from an unattended car. In the two cases sub judice, the trial court correctly granted summary judgment to defendant Malcolm Richard Phillips,

the owner of the stolen vehicle. His act in leaving his truck parked, unattended, and with the keys in the ignition, was not the legal cause of any injuries plaintiffs sustained in the subsequent collision. See *Price v. Big Creek of Ga.*, 191 Ga. App. 534, 535 (382 SE2d 356).

### Case Nos. A95A2834 and A95A2837

2. The trial court held that the Hall County Board of Commissioners and the Hall County Correctional Institute were entitled to summary judgment on the basis of sovereign immunity. Plaintiffs contend the trial court erred "in failing to find that sovereign immunity was waived, and in failing to find that Article I, Section II, Paragraph IX (e) of the [1983] Georgia Constitution, O.C.G.A. § 33-24-51 (b) and O.C.G.A. § 36-33-1 (a) create a constitutional-statutory scheme which unconstitutionally denies [plaintiffs] equal protection and due process."

(a) The transfer of these appeals from the Supreme Court of Georgia to the Court of Appeals of Georgia is tantamount to a ruling that any constitutional argument, even if properly raised, is nevertheless without merit. See, e.g., *Crutchfield v. State*, 218 Ga. App. 360 (1) (461 SE2d 555).

(b) Scottsdale Insurance Company issued a "Comprehensive Law Enforcement Liability Policy," naming as insureds the "County of Hall, GA.," and the Correctional Institute, and containing the following clause: "**13. SOVEREIGN IMMUNITY.** It is agreed that the Company will not avail itself of the defense of sovereign immunity to which the INSURED may be entitled by reason of its being a public and/or governmental entity, unless the INSURED requests the Company to raise such defense by written notice to the Company not less than ten (10) days before the time to file an answer to any suit." Plaintiffs argue that the defense of sovereign immunity was waived by these defendants due to their purported failure to instruct the insurer to assert sovereign immunity in writing before filing an answer as required by the terms of the policy.

"Unless sovereign immunity has been waived, that defense bars [plaintiffs'] claims against [Hall] County, the [several] commissioners, and [any] county employees in their official capacities. *Gilbert v. Richardson*, 264 Ga. 744, 746 (2), fn. 4 (452 SE2d 476) (1994). Since the [June 9, 1992, collision in the cases sub judice] occurred after January 1, 1991, the 1991 amendment to Art. I, Sec. II, Par. IX of the Georgia Constitution of 1983 is controlling on this issue. Pursuant to that constitutional provision, the defense of sovereign immunity to tort liability cannot be waived by the mere purchase of insurance coverage. *Donaldson v. Dept. of Transp.*, 262 Ga. 49, 50 (1) (414 SE2d 638) (1992). That defense can only be waived pursuant to a 'legisla-

tive act which specifically provides that sovereign immunity is waived and the extent of such waiver.' *Gilbert v. Richardson*, [264 Ga. 744,] supra at 748 (3)." *Woodard v. Laurens County*, 265 Ga. 404, 405 (1) (456 SE2d 581). Plaintiffs in the cases sub judice refer this Court to no legislative act which specifically provides that sovereign immunity is waived by the purchase of a comprehensive law enforcement liability policy. Compare OCGA § 33-24-51 (b). "A county's sovereign immunity has been waived pursuant to OCGA § 33-24-51 (b), but only 'to the extent of the amount of liability insurance purchased for the negligence of (county) officers, agents, servants, attorneys, or employees *arising from the use of a motor vehicle.*' (Emphasis supplied.) *Gilbert v. Richardson*, [264 Ga. 744,] supra at 749 (4). [In the cases sub judice,] OCGA § 33-24-51 (b) does not apply because the liability of [the Hall County Board of Commissioners and the county Correctional Institute] is not predicated upon *their* alleged negligent use of an insured motor vehicle." (Emphasis supplied.) *Woodard v. Laurens County*, 265 Ga. 404, 405 (1), supra. Since, with respect to the cases sub judice, the General Assembly has not waived the defense of sovereign immunity, as raised in defendants' answer, the trial court correctly granted summary judgment to the Hall County Board of Commissioners and the county Correctional Institute.

### Case Nos. A95A2835 and A95A2838

3. The trial court granted summary judgment to the Georgia Department of Corrections on two grounds. First, the trial court concluded that the Hall County Correctional Institute was clearly acting as an independent contractor to the Department of Corrections when the Correctional Institute employee, Jeffery A. Cates, was guarding the inmate Jerome Walker, and that the General Assembly had not waived the State's sovereign immunity with respect to the alleged negligence of an independent contractor. Secondly, the trial court concluded that the State was not liable for any losses resulting from the method of providing law enforcement or police protection. These rulings are enumerated as error.

Any question of fact as to Jeffery A. Cates' status as a State officer, employee, or agent within the meaning of OCGA § 50-21-22 (7) is ultimately immaterial. With respect to tort claims against it, the State of Georgia "waives its sovereign immunity only to the extent and in the manner provided in [OCGA § 50-21-20 et seq.]." OCGA § 50-21-23 (b). The Georgia Tort Claims Act expressly provides that the State shall have "no liability for losses resulting from: . . . Civil disturbance, riot, insurrection, or rebellion or the failure to provide, or the method of providing, law enforcement, police, or fire protection[.]" OCGA § 50-21-24 (6). In the cases sub judice, the allegation

that Jeffery A. Cates negligently supervised the work detail from which the inmate Jerome Walker escaped amounts to a failure to provide law enforcement services within the meaning of this Code section. Since the State shall not be liable for losses occasioned by such failure to provide law enforcement, the trial court correctly granted summary judgment to the Department of Corrections.

*Judgments affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED JANUARY 9, 1996 —
RECONSIDERATION DENIED JANUARY 18, 1996 —

*Paul R. Vancil,* for Long and Hammond.
*England & McKnight, George M. Weaver,* for Hall County Board of Commissioners.
*Michael J. Bowers, Attorney General, Daryl A. Robinson, Senior Assistant Attorney General, William F. Amideo, David J. Marmins, Assistant Attorneys General,* for Department of Corrections.
*Whelchel, Dunlap & Gignilliat, Charles N. Kelley, Jr.,* for Phillips.