**SECOND DIVISION**
**ANDREWS, P. J.,**
**MCFADDEN and RAY, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**March 6, 2015**

# In the Court of Appeals of Georgia

A14A2122. McCLATTIE v. KOWAL et al.

McFADDEN, Judge.

Teiza J. McClattie sued her next door neighbors, Christopher and Amy Kowal, alleging that they trespassed and encroached on her property in various ways. After a jury trial, the court entered judgment on the jury's special verdict, finding that the Kowals had acquired a small portion of property by prescription; that the Kowals had trespassed but that McClattie was not entitled to damages; and that the Kowals were permanently enjoined from removing McClattie's ornamental plants. McClattie appeals. She argues that the trial court erred in granting the Kowals a directed verdict on two of her claims, but the court did not err in determining that McClattie could not recover on those claims as a matter of law. Although we agree with McClattie that the trial court erred by dismissing her motion for judgment notwithstanding the verdict,

any error in this regard was harmless, given that the motion lacked merit. Finally, McClattie argues that the trial court erred in admitting irrelevant photographs of her overgrown yard, but she has failed to show that the trial court abused his discretion.

The Kowals purchased their residence in 1995. A chain link fence enclosed the back yard at the time they purchased their property. McClattie purchased the house next door in 2001. She filed this action alleging that the Kowals installed a gate post over the property line; cut limbs off McClattie's trees; placed their garbage cans in front of McClattie's property; trespassed and encroached on McClattie's property; and cut the grass on McClattie's property. McClattie also alleged that the flared end of the Kowals' driveway crossed the property line into her yard. McClattie sought injunctive relief, damages, and attorney fees.

1. *The Kowals' directed verdict.*

McClattie first argues that the trial court erred by granting the Kowals' motion for directed verdict. The trial court directed a verdict in the Kowals' favor on McClattie' allegations regarding the location of the Kowals' driveway and the placement of their trash cans. The trial court did not err.

The undisputed evidence was that the flared portion of the Kowals' driveway – the portion about which McClattie complains – is located in the public right of way.

"[McClattie] has not demonstrated legal possession because the subject property is, as [s]he concedes [in her appellate brief], a public right of way. . . . [Her] interest in such property is not one whereby [s]he may assert that [s]he possesses the land to the exclusion of others." *Moses v. Traton Corp.*, 286 Ga. App. 843, 844 (1) (650 SE2d 353) (2007).

The case upon which McClattie relies, *Barham v. Grant*, 185 Ga. 601(196 SE 43) (1938), is inapposite. That case concerned the obstruction of an abutting property owner's right of ingress and egress to a public highway. Here, as she conceded in her testimony, McClattie's right of access to the street in front of her property was unimpeded by the Kowals' driveway. The trial court did not err in granting the Kowals a directed verdict on this claim. *Sorrow v. Hadaway*, 269 Ga. App. 446, 450 (2) (604 SE2d 197) (2004).

McClattie has cited no authority to support her claim that she is entitled to relief because of the Kowals' placement of their trash cans on the public street, and we have found none. She has not shown that the trial court erred in granting the Kowals a directed verdict on this claim.

2. *McClattie's motion for judgment notwithstanding the verdict.*

McClattie argues that the trial court erred by dismissing her motion for judgment notwithstanding the verdict on the ground that she had not moved for a directed verdict. We agree with McClattie that she did move for a directed verdict at the close of the evidence, at least on the issue of exclusivity of the Kowals' adverse possession. Although McClatte's counsel did not describe the motion as one for directed verdict, Kowal's counsel did so describe it. And the motion was in substance a motion for directed verdict: McClatte "move[d] that the issue of adverse possession be eliminated on the grounds that . . . they haven't shown that it was exclusive." Substance, not nomenclature, controls, and this motion was a sufficient prerequisite for a motion for judgment notwithstanding the verdict. *Jones v. Spindel*, 128 Ga. App. 88, 102-103 (9) (196 SE2d 22) (1973), questioned on other grounds by *Monumental Properties of Georgia v. Frontier Disposal*, 159 Ga. App. 35, 37 (2) (282 SE2d 660) (1981). But this was the only ground upon which she moved for a directed verdict. Therefore, instead of dismissing the motion for judgment notwithstanding the verdict, the trial court should have considered it, although on this issue only. See *Famiglietti v. Brevard Medical Investors*, 197 Ga. App. 164, 166-167 (2) (397 SE2d 720) (1990) (the longstanding rule is that a "j.n.o.v. must be based on grounds raised in the motion

4

for directed verdict initially, for it is in effect only a new ruling on a renewed motion").

The trial court's error was harmless, however, because contrary to McClattie's assertion, the Kowals presented some evidence that their possession of the disputed property was exclusive. "'Exclusive possession' means that the disseizor must show an exclusive dominion over the land and an appropriation of it to his own use and benefit." *Carter v. Becton*, 250 Ga. 617, 618 (4) (300 SE2d 152) (1983) (citations omitted). The Kowals presented testimony that the property they claimed to have acquired by prescription was the small amount enclosed by their fence. This was "a type of possession which would characterize an owner's use," and thus was at least some evidence of exclusivity. *Georgia Power Co. v. Irvin*, 267 Ga. 760, 764 (1) (a) (482 SE2d 362) (1997).

3. *Admission of photographs*.

McClattie argues that the trial court erred by admitting over objection photographs showing that her yard was overgrown because the photographs were not relevant to any issue in the case. "The admission or exclusion of evidence which is objected to on the ground of relevancy lies within the sound discretion of the trial court, whose decision will not be disturbed on appeal absent a clear abuse of

5

discretion." *O'Neal v. State*, 254 Ga. 1, 3 (3) (325 SE2d 759) (1985). Christopher Kowal testified that McClattie began complaining about the issues in the lawsuit only after he had asked her to maintain her yard. Given this testimony, McClattie has not shown that the trial court abused his discretion by admitting the photographs.

*Judgment affirmed. Andrews, P. J., and Ray, J., concur.*