**FIFTH DIVISION**
**MCFADDEN, C. J.,**
**MCMILLIAN, P. C. and MERCIER, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**

**http://www.gaappeals.us/rules**

**October 31, 2019**

# In the Court of Appeals of Georgia

A19A0928, A19A0929. AVIS RENT A CAR SYSTEM, LLC et al.
v. JOHNSON; and vice versa.

MCFADDEN, Chief Judge.

Brianna Johnson was seriously injured when she was struck by a sport utility vehicle that had been stolen from an Avis car rental lot in downtown Atlanta. She sued appellants Avis Rent A Car System, LLC, Avis Budget Group, Inc., and Peter Duca, a regional security manager for Avis Budget Group (together, Avis), as well as CSYG, Inc., the operator of the downtown Avis location, and Yonas Gebremichael, CSYG's owner. (Johnson also sued Byron Perry, the former CSYG employee who stole the vehicle, but she dismissed him without prejudice before trial.)

After a 13-day trial, the jury returned a verdict finding that Johnson was entitled to recover from Avis Rent A Car System and Avis Budget Group, but not from CSYG, Gebremichael, or Duca, and awarded Johnson $7 million in damages.

Avis filed a motion for judgment notwithstanding the verdict or, in the alternative, for a new trial as to liability. The trial court denied the motion for judgment notwithstanding the verdict but granted a new trial as to liability. Avis appeals the denial of its motion for judgment notwithstanding the verdict. Johnson appeals the grant of Avis's motion for new trial on the issue of liability.

We hold that under longstanding Georgia authority, any breach of duty was not the proximate cause of Johnson's injuries, so Avis is entitled to judgment on Johnson's claims based on Avis's own negligence. We also hold that the jury's exoneration of Avis's employees requires judgment in Avis's favor on Johnson's claims based on Avis's vicarious liability. So we reverse the denial of Avis's motion for judgment notwithstanding the verdict and dismiss as moot Johnson's appeal from the grant of new trial.

1. *Facts and procedural posture.*

Viewed in the light most favorable to Johnson, *Jones v. Sperau*, 275 Ga. 213 (1) (563 SE2d 863) (2002), the trial evidence showed that CSYG operated an Avis

car rental lot on Courtland Street in downtown Atlanta. CSYG hired Byron Perry to wash and refuel cars at the location. On the night of August 23, 2013, after the Avis lot had closed, Perry stole a Ford Edge sport utility vehicle from the lot, intending to sell it.

The Ford Edge was driven around Atlanta at regular speeds for hours. But shortly before midnight, five hours after the lot had closed, the driver of the stolen Ford Edge was fleeing from police when the vehicle crashed into a brick wall. Johnson and her friend, Adrienne Smith, were sitting on the wall at the time of the collision and were seriously injured. Perry, who was in the vehicle, fled from the scene and later pled guilty to multiple crimes arising from the incident, including theft by taking, failure to maintain lane, attempting to elude police, reckless driving, and hit and run.

Johnson filed this lawsuit. She alleged that Avis was liable for negligently failing to secure its vehicle and for negligently hiring, training, supervising, and retaining Gebremichael and CSYG. She also alleged that Avis was vicariously liable for Gebremichael's and CSYG's negligence.

The jury returned a verdict in favor of Johnson for $7 million. On the special verdict form, the jury found that Avis Rent A Car System and Avis Budget Group

3

were 100 percent at fault. It found that Duca, CSYG, Gebremichael, and Perry, the vehicle thief, were zero percent at fault. Finally, it found that the Avis defendants, CSYG, and Gebremichael were not liable for punitive damages, but that Perry (who was no longer a party) was liable for punitive damages.

Avis filed a motion for judgment notwithstanding the verdict or in the alternative for a new trial as to liability. The trial court denied the motion for judgment notwithstanding the verdict, finding, among other things, that Avis knew of the risk of car thefts and that the harm to Johnson was a reasonably foreseeable consequence of car theft. The trial court granted the motion for new trial as to liability. It found that the verdict was contrary to the evidence or strongly against the weight of the evidence. See OCGA §§ 5-5-20, 5-5-21. The court found that because the "[j]ury's verdict did not find any negligence on the part of CSYG, Yonas Gebremichael, Peter Duca or Byron Perry, the evidence [did] not support a finding of liability on the part of Avis." The trial court certified its order for immediate review, we granted the parties' applications for interlocutory appeal, and these appeals followed. We first address issues regarding Johnson's claims that Avis is liable for its own negligence. We then address issues regarding Johnson's claims that

4

Avis is vicariously liable for its employees' negligence. We hold that Avis is entitled to judgment on all claims.

2. *Avis's direct negligence.*

Avis argues that it was entitled to judgment notwithstanding the verdict on Johnson's claims that it negligently failed to secure the vehicle and negligently hired and supervised CSYG and Gebremichael, because it owed Johnson no duty and the proximate cause of Johnson's injuries was Perry's intervening criminal act. We hold that Perry's intervening criminal act was the proximate cause of Johnson's injuries. So Avis was entitled to judgment on Johnson's claims.

"It is well established that to recover for injuries caused by another's negligence, a plaintiff must show four elements: a duty, a breach of that duty, causation and damages." *Goldstein, Garber & Salama, LLC v. J. B.*, 300 Ga. 840, 841 (1) (797 SE2d 87) (2017) (citation omitted). An absence of evidence of any one of the elements will entitle a defendant to judgment in its favor. See, e.g., *Barrett Properties v. Roberts Capitol*, 316 Ga. App. 507 (729 SE2d 621) (2012) (defendants were entitled to summary judgment on plaintiff's common law tort claims, given lack of evidence that defendants were the proximate cause of any harm to plaintiff). Cf. *Butts v. Williams*, 247 Ga. App. 253, 256 (543 SE2d 779) (2000) (trial court did not err in

denying plaintiff's motion for directed verdict and new trial in negligence action after defense verdict because plaintiff failed to establish the element of proximate cause).

(a) *Duty of care.*

"Whether a duty exists upon which liability can be based is a question of law." *City of Rome v. Jordan*, 263 Ga. 26, 27 (1) (426 SE2d 861) (1993). The duty of care "can arise either from a valid legislative enactment, that is, by statute, or be imposed by a common law principle recognized in the case law." *Diamond v. Dept. of Transp.*, 326 Ga. App. 189, 194 (2) (756 SE2d 277) (2014) (citation and punctuation omitted).

We assume that Georgia law imposes a general duty not to cause physical injury to another. See OCGA § 51-1-13 ("A physical injury done to another shall give a right of action to the injured party, whatever may be the intention of the person causing the injury, unless he is justified under some rule of law. However, intention shall be considered in the assessment of damages."). So we turn to causation. See *Goldstein*, 300 Ga. at 841-843 (1) (deciding case on proximate causation without addressing the issue of the existence of any duty).

(b) *Causation.*

We conclude that, under our case law, Perry's conduct was the intervening proximate cause of Johnson's injuries.

6

[W]hen a defendant claims that its negligence is not the proximate cause of the plaintiff's injuries, but that an act of a third party intervened to cause those injuries, the rule is that an intervening and independent wrongful act of a third person producing the injury, and without which it would not have occurred, should be treated as the proximate cause, insulating and excluding the negligence of the defendant.

*Goldstein*, 300 Ga. at 841 (1) (citation omitted). Avis argues that it is entitled to judgment under this rule because the proximate cause of Johnson's injuries was the intervening criminal conduct of Perry driving recklessly as he fled police. Johnson invokes an exception to the rule. Under that exception, a defendant is not insulated from liability by the intervening act of a third party when

the defendant had reasonable grounds for apprehending that such wrongful act would be committed. Stated differently, if the character of the intervening act claimed to break the connection between the original wrongful act and the subsequent injury was such that its probable or natural consequences could reasonably have been anticipated, apprehended, or foreseen by the original wrong-doer, the causal connection is not broken, and the original wrong-doer is responsible for all of the consequences resulting from the intervening act.

Id. at 841-842 (1) (citations and punctuation omitted). Johnson argues that Perry's conduct does not insulate Avis from liability because his intervening criminal conduct was foreseeable.

As our Supreme Court explained in *Goldstein*, "for any such breach [of duty] to be considered the proximate cause of [Johnson]'s injuries, [Perry's] criminal acts must be the 'probable or natural consequences' of that breach, and it must be the case that those criminal acts could 'reasonably have been anticipated, apprehended, or foreseen' by [Avis]." *Goldstein*, 300 Ga. at 843 (1) (citation omitted). We have elaborated on that requirement, explaining, "[t]he natural and probable consequences are those which human foresight can foresee, because they happen so frequently that they may be expected to happen again. The possible consequences are those which happen so infrequently that they are not expected to happen again." *Morris v. Baxter*, 225 Ga. App. 186, 187 (483 SE2d 650) (1997) (citation omitted). There is some evidence here that partially echos *Morris*.

On cross examination, Johnson extracted from John Wotten, Avis's national security manager for local markets (i.e. non-airport locations), acknowledgments that Avis knew that if one of its vehicles was stolen, someone could be seriously injured or killed. He testified that "the probability" of someone who stole a car likely making

8

efforts to evade capture by police "could happen." He testified that Avis knew before this incident that when criminals seek to evade capture by police, they sometimes drive recklessly and innocent people can be killed or seriously injured.

Johnson showed that theft is a perennial issue for car rental agencies and introduced evidence of practices and omissions that increased Avis's risk of theft nationally and at this location: a national practice of issuing customers two keys and deferred maintenance on a security gate at the subject location. And she pointed to a failure to investigate Perry's criminal background before hiring him.

And to support her contention that Avis knows that this sort of thing has happened before, Johnson points to published appellate opinions out of Florida in which it faced similar claims, *Vining v. Avis Rent-A-Car System*, 354 So2d 54, 55 (Fla. 1977) (although *Vining* involved only allegations, as the appeal was from the grant of a motion to dismiss the complaint), and *Hewitt v. Avis Rent-A-Car System*, 912 So2d 682, 683 (Fla. Ct. App. 2005), and to Wotten's admission that he was aware of *Hewitt*.

On the other hand, the evidence showed that the collision that injured Johnson occurred five hours after the Courtland Street lot had closed. And Johnson failed to present evidence that a high speed chase ending in a crash injuring innocent

bystanders usually happens when a car is stolen. She presented evidence of only two occurrences of Avis cars being involved in high speed chases before this incident.

As our Supreme Court recognized in *Goldstein*, proximate cause is "a policy decision." 300 Ga. at 848. See also id. at 843 ("The evidence here simply does not show that Serdula's acts can be so considered."). Our decision today must take its place in a line of decisions in which we have dealt with injuries caused by car thieves. And in every one of those decisions, we have held that the car thief's acts were the proximate cause of the plaintiff's injuries. See, e.g. *Long v. Hall County Bd. of Commissioners*, 219 Ga. App. 853, 855 (1) (467 SE2d 186) (1996), disapproved on other grounds, *Georgia Forestry Comm. v. Canady*, 280 Ga. 825, 827 (632 SE2d 105) (2006) ("a venerable line of authority hold[s] that the alleged negligence of the owner[ in creating conditions that allowed a vehicle to be stolen] is not the legal cause of personal injuries sustained due to the negligent operation of a stolen vehicle by a thief"; defendant's act of leaving his truck parked, unattended, with the keys in the ignition, next to a county work farm was not the legal cause of any injuries plaintiffs sustained in the subsequent collision with the stolen truck); *J. C. Lewis Motor Co. v. Giles*, 194 Ga. App. 472, 472 (391 SE2d 19) (1990) (car thief's acts, not car dealership's negligence that resulted in the theft of a vehicle later involved in a

10

collision with plaintiff, were the proximate cause of plaintiff's injuries, even though dealership's cars had been stolen before); *Price v. Big Creek of Ga.*, 191 Ga. App. 534 (382 SE2d 356) (1989) (car thief's acts, not defendant's acts of alleged negligence in leaving keys in unattended vehicle which allowed vehicle to be stolen, were the proximate cause of plaintiff's injuries); *Dunham v. Wade*, 172 Ga. App. 391, 393 (2) (323 SE2d 223) (1984) ("The fact that the keys were left in the unguarded automobile would not authorize a recovery against the owner for the injuries which were the result of its subsequent negligent operation by a thief. The persons immediately responsible will be held to full liability; but persons only so remotely connected with the injury can not be held.") (punctuation and citations omitted).

Johnson has not mustered evidence sufficient to distinguish this "venerable line of authority." *Long*, 219 Ga. App. at 855 (1). Perry's intervening criminal conduct was the proximate cause of Johnson's injuries. So Avis was entitled to judgment as a matter of law. *Goldstein*, 300 Ga. at 843 (1).

3. *Avis's vicarious liability*.

Avis argues that it cannot be held vicariously liable, given the jury's exoneration of CSYG and Gebremichael. We agree.

11

Johnson alleged that Avis was vicariously liable for CSYG and Gebremichael's negligence, including the negligent hiring and retention of Perry. (She did not assert that Avis was vicariously liable for Perry's conduct.) But the jury returned a verdict finding that Johnson was not entitled to recover from CSYG and Gebremichael. Consequently, Johnson could not recover from Avis under theories of vicarious liability, and the trial court erred by denying Avis's motion for judgment notwithstanding the verdict on Johnson's claims of vicarious liability.[1]

"Since the jury returned a verdict in favor of [CSYG and Gebremichael] upon whose acts [vicarious] liability must depend, it follows that there was no basis for a verdict against [Avis under respondeat superior]. The verdict exonerating [CSYG and Gebremichael] is a legal verdict. Only the part of the verdict against [Avis] is illegal." *ESAB Distrib. Southeast v. Flamex Indus.*, 243 Ga. 355, 356 (1) (254 SE2d 328) (1979). See also *H & H Subs v. Lim*, 213 Ga. App. 371, 372 (1) (444 SE2d 404) (1994) (where employer's liability depends on respondeat superior, a verdict

---

[1]We need not decide whether Avis's motion for judgment notwithstanding the verdict was the proper method for seeking to amend the verdict as to its vicarious liability because "[s]ubstance, not nomenclature, controls," *McClattie v. Kowal*, 331 Ga. App. 285, 286 (2) (769 SE2d 187) (2015), and Avis argued in its motion that the verdict could not stand as to its vicarious liability, given the jury's exoneration of its employees.

exonerating the employee also exonerates the employer). Cf. *Goldstein, Garber &*

*Salama, LLC v. J. B.*, 335 Ga. App. 416, 424-427 (4) (a) (779 SE2d 484) (2015)

(holding that verdict that assigned no fault to convicted felon who assaulted plaintiff,

but all fault to his employer, was not void in action where employer was sued for

negligence per se and professional negligence; but there was no indication that

plaintiff asserted a claim that employer was vicariously liable for felon's conduct),

reversed on other grounds, *Goldstein*, supra, 300 Ga. at 840.

Johnson's theories of Avis's

direct liability for its own negligence having been eliminated, it would follow that the trial court erred in failing to grant [Avis's] motion [for judgment notwithstanding] the verdict. In this case the liability of . . . (Avis) derives from the acts of (CSYG and Gebremichael) or not at all. The jury found in favor of (CSYG and Gebremichael), the (defendants) through whom (Avis) acted. The verdict holding . . . (Avis) liable is inconsistent. The trial court erred by not granting the motion [for judgment notwithstanding the verdict which would have effectively amended] the verdict from one which was against to one which was in favor of (Avis). . . . Accordingly, as the result of our holding in Division [(2) (b)], . . . there was no basis upon which a verdict could be returned against [Avis] other than in its capacity as the employer of [CSYG and Gebremichael]. We conclude that since the verdict exonerating the servant was a legal verdict and that part of the verdict awarding damages against (Avis as) the master was illegal and void under the doctrine of

13

respondeat superior, it is unnecessary to require that a new trial be granted on the issue of liability of [any] defendant.

*Duke Trucking Co. v. Giles*, 185 Ga. App. 833, 836 (2) (366 SE2d 216) (1988) (citations and punctuation omitted). Cf. *Anthony v. Gator Cochran Constr.*, 288 Ga. 79, 79-80 (702 SE2d 139) (2010) (in the case of a void verdict, even "when a special verdict form is used and the potential for an inconsistent verdict is evident from the face of the form submitted to the jury," a party need not object to that verdict form to preserve review of any inconsistency resulting from the form).

For these reasons, we reverse the denial of Avis's motion for judgment notwithstanding the verdict and dismiss as moot Johnson's appeal from the grant of new trial.

*Judgment reversed in Case No. A19A0928. Appeal dismissed in Case No. A19A0929. McMillian, P.J., and Mercier, J., concur*.