73630. SEYMOUR v. VAUGHN.
(353 SE2d 91)

DEEN, Presiding Judge.

Appellee Ronnie Vaughn lent his Oldsmobile Cutlass automobile to his uncle, Pete Human (not a party to this appeal), for the latter to drive to and from work while his own automobile was being repaired. During this time Louise Seymour, a person whom Vaughn did not know, came into possession of the Cutlass by unspecified means and,

while driving it, struck and injured her former husband, appellant Larry Seymour, with whom she had apparently been engaged in a dispute regarding delinquent child support payments.

Larry Seymour brought a negligence action naming Vaughn and Louise Seymour as defendants. Both answered, denying the allegations of the complaint, and Vaughn moved for summary judgment, seeking dismissal from the case. On July 11, 1986, the final day for filing pleadings, appellant filed his brief in opposition to the motion for summary judgment and amended his complaint to allege negligent entrustment against Vaughn. The trial court granted Vaughn's motion for summary judgment on both theories, negligence and negligent entrustment. Larry Seymour appeals, contending that the court erred in granting summary judgment because Vaughn allegedly did not counter the allegation of negligent entrustment. *Held*:

Scrutiny of the record reveals no factual basis for appellant's assignment of error. In his reply brief, filed July 18, 1986, Vaughn fully countered, with argument and citation of authority, the allegation of negligent entrustment as well as of negligence. The criteria for summary judgment as set forth in OCGA § 9-11-56 being fulfilled, we find no error in the proceedings below.

*Judgment affirmed. Birdsong, C. J., and Pope, J., concur.*

DECIDED JANUARY 26, 1987.

*Thomas M. Strickland*, for appellant.
*Stephen V. Kern*, for appellee.