A89A1214. HARVEY et al. v. TAYLOR et al.
(387 SE2d 403)

SOGNIER, Judge.

Mary Lou Harvey and her son, Everett Harvey, brought suit against Vince Taylor, Douglas Simpson, Phoebe Stallings, and Geraldine Stallings to recover damages for injuries sustained in an automobile accident. The Harveys appeal from the trial court's award of summary judgment to the defendants.

The record reveals that on August 7, 1985, at approximately 1:45 p.m., Everett Harvey was driving north on Main Street in College Park when his car was forced off the road and into a telephone pole by another automobile, resulting in injuries to him and Mary Lou Harvey, his passenger. Sergeant L. M. Nolan of the College Park Police Department testified by deposition that when he investigated the incident, one of the two witnesses he interviewed at the scene told him the license plate number of the offending vehicle was Georgia tag number AJG495, which he recorded on his standard accident report form. Nolan testified that after talking with the witnesses, he also wrote in his report that the car was red and was occupied by three black males. Upon determining that the tag number was registered to "a Stallings at 1819 . . . Dunlap Avenue" in East Point, he went to that address on three occasions but did not find anyone at home, nor did he find a red car with that tag number. Gregory Cosby and Anthony Sinclair, the two witnesses who spoke with Nolan at the scene, both testified that they noticed the car was orange-red, but did not see the license plate and did not give a tag number to Nolan. Cosby recalled that the car was a two-door Dodge and that one white male was driving, while Sinclair stated that the vehicle was a mid-1970s model American car with one male driver whose race he could not recall.

Additional testimony established that appellee Geraldine Stallings, a North Carolina resident, owned a 1977 red Chevrolet Impala which she drove on occasion but which was driven primarily by her daughter, appellee Phoebe Stallings, and that Phoebe lived in an apartment on Roosevelt Highway in Atlanta with her husband, appellee Vince Taylor, during part of 1985 but spent most of the month of August in North Carolina with her mother. Phoebe Stallings testified that she left the car at the College Park home of her uncle, appellee Douglas Simpson, during her absence from Atlanta, and left keys with both Simpson and Taylor. Simpson testified that he did not drive the car during that time, as he and his wife each drove their own cars

instead. Taylor, who testified that he lived with his parents on Barrett Street in East Point during August 1985, stated that during that time he worked at the Atlanta airport from 8:00 a.m. until 12:00 or 2:00 p.m., that he only drove the Stallings car occasionally and never to work, and that he was at work the day of the incident. Taylor also stated that during August he and Simpson did go out together in the car several times to run errands, and that Simpson usually drove. Both Taylor and Simpson denied driving the car on August 7th, and Phoebe and Geraldine Stallings testified that they were in North Carolina on the day of the incident, and that on that date no one drove the car with their knowledge or permission. Taylor further testified that after the College Park police contacted his wife about the incident at issue, he drove the car to the police station, where an officer inspected it and then permitted him to leave with the car, and neither Taylor nor his wife had any further contact with the authorities regarding this incident. The record also reveals that Phoebe Stallings reported the car as stolen on October 28, 1987, and that all of the appellees are black.

Appellants contend that summary judgment was improper, as material fact questions remain. We agree as to appellees Taylor and Simpson and reverse in part. On motions for summary judgment, the movant has the burden of showing there is no genuine issue as to any material fact and that he is entitled to a judgment as a matter of law. When, as in the instant case, the movants are the defendants, they have the additional burden of piercing the plaintiffs' pleadings and affirmatively negating one or more essential elements of the complaint. *Moore v. Goldome Credit Corp.*, 187 Ga. App. 594, 595-596 (370 SE2d 843) (1988). Further, the respondents "should be given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions arising therefrom most favorably toward the party opposing the motion. [Cits.]" Id. at 596.

In the case at bar, although Simpson testified he never drove the Stallings automobile during August 1985, Taylor stated he accompanied Simpson on several trips in the car and also drove it on occasion by himself, thereby raising a question of fact as to who drove the car during that month and creating at least an inference that either Simpson or Taylor could have driven the car on the date in question. Also, Phoebe Stallings' testimony that both Simpson and Taylor had keys to the car, combined with Nolan's documentation at the scene of a vehicle and tag matching that of the Stallingses, leads to an inference that the car was being driven by Taylor, Simpson, or another permissive driver. The testimony of the witnesses at the scene and Nolan's statements regarding his investigation create a question of fact as to whether the Stallings automobile was the car that caused the accident and if so, who was driving, and appellees' testimony does

not affirmatively rebut that evidence. Accordingly, we find the trial court erred by granting summary judgment to appellees Taylor and Simpson. See generally *Mitchell v. Rainey*, 187 Ga. App. 510, 513 (370 SE2d 673) (1988).

We do, however, affirm the grant of summary judgment to appellees Phoebe and Geraldine Stallings. They both testified that they were in North Carolina the day of the incident, and the witnesses said the driver of the offending vehicle was male. There is no evidence of negligent entrustment, as these appellees' testimony that no one drove the car with their permission on the date in question was not rebutted, and even if either Taylor or Simpson was driving, there is no evidence either of the Stallingses had actual knowledge of either man's incompetence to drive an automobile. *Thomason v. Harper*, 162 Ga. App. 441, 444-446 (2) (289 SE2d 773) (1982); *Marques v. Ross*, 105 Ga. App. 133, 139 (123 SE2d 412) (1961).

We do not agree with appellants' contention that a material fact question remains as to whether the Stallingses are liable under the family purpose doctrine because we find that principle inapplicable here. "[T]here are . . . four requirements for the application of the family purpose doctrine: (i) the owner must have given permission to a family member to drive the vehicle, (ii) the owner must have relinquished control of the vehicle to the family member, (iii) the family member must be in the vehicle, and (iv) the vehicle must be engaged in a family purpose." *Quattlebaum v. Wallace*, 156 Ga. App. 519, 520 (275 SE2d 104) (1980). An adult child of the owner may be a "family member" within the meaning of the family purpose doctrine if the child lives in the parent's household and uses the car for a purpose for which it was provided by the parent. *Hubert v. Harpe*, 181 Ga. 168, 172-173 (182 SE 167) (1935). However, this court has held that a son-in-law is not a member of the family with regard to the application of this doctrine. *Bryant v. Keen*, 43 Ga. App. 251, 252 (158 SE 445) (1931). Although the holding in *Bryant* has been questioned in the case of a *resident* adult child, *Hubert*, supra at 178; *Whitlock v. Michael*, 79 Ga. App. 316, 319 (53 SE2d 587) (1949), we find the ruling in *Bryant* valid where, as in the instant case, the daughter and son-in-law were not residents of the owner's household and there is no evidence the vehicle was provided by the owner for the son-in-law's use. Similarly, Simpson was not a member of Geraldine Stallings' household, and the record is devoid of any evidence that she provided the car to him for a family purpose. Thus, as there is no evidence the car was driven or occupied by a "family member" for a "family purpose," we conclude the trial court correctly granted summary judgment to appellees Phoebe and Geraldine Stallings. See generally *Peterson v. Liberty Mut. Ins. Co.*, 188 Ga. App. 420, 424 (373 SE2d 515) (1988).

*Judgment reversed. Banke, P. J., and Pope, J., concur.*

DECIDED OCTOBER 12, 1989.

*Raymond V. Guidice*, for appellants.
*Arnold Wright, Jr., William M. Warner*, for appellees.