A00A0334. BENDOCK et al. v. TRATON CORPORATION OF
COBB et al.
(534 SE2d 849)

ANDREWS, Presiding Judge.

Scott and Tina Bendock appeal pro se from the trial court's grant of summary judgment to Traton Corporation. The Bendocks refused to close on the house Traton built for them and sued Traton for the return of their earnest money and other damages. Because we conclude there is an issue of fact as to whether Traton unjustifiably breached its contract with the Bendocks, we reverse.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). To obtain summary judgment, a defendant need not produce any evidence but must only point to an absence of evidence supporting at least one essential element of the plaintiff's claim. *Lau's Corp. v. Haskins,* 261 Ga. 491 (405 SE2d 474) (1991). Our review of a grant of summary judgment is de novo, and we view the evidence and all reasonable inferences drawn from it in the light most favorable to the nonmovant. *Supchak v. Pruitt,* 232 Ga. App. 680, 682 (503 SE2d 581) (1998).

This case arose when the Bendocks signed a "New Construction Purchase and Sale Agreement" with Traton for construction of a house on a lot the Bendocks had chosen in a new subdivision. The Bendocks stated that they chose this lot because it was level and they wanted a play area for their children. After Traton began grading the lot, the Bendocks were upset because the grading was changing the topography of the lot. According to the Bendocks, Traton agreed to repair and minimize the damage to the lot if the Bendocks would advance them $810 that was not due until closing. The Bendocks

agreed.

But, when it came time to close on the house, the Bendocks refused, claiming the lot had been materially altered and the alteration had not been corrected as promised. The Bendocks sued when Traton retained their earnest money.

Although the Bendocks raised and argued several claims in the trial court, their only argument on appeal is that because Traton did not regrade the lot to their satisfaction, they were justified in not closing on the house and are entitled to the return of their down payment. The Bendocks' brief on appeal is rather difficult to follow, however, and in the interest of clarity, we must address other issues not properly raised but pertinent to the case.

1. To the extent the Bendocks are claiming fraud or breach of contract in the initial grading prior to construction, these claims fail because the Bendocks failed to either rescind the contract and sue in tort for fraud or affirm the contract and sue for breach. *Cotton v. Bank South,* 231 Ga. App. 812, 813 (499 SE2d 129) (1998). In any event, this issue is not before us because, as the Bendocks state in their brief on appeal, "the dispute was resolved."

Contrary to Traton's argument below and on appeal, the Bendocks and Traton could make a new agreement and disregard the provision in the original contract requiring that no changes will be allowed unless in writing. *Bailey v. Martin,* 101 Ga. App. 63, 67 (112 SE2d 807) (1960). The requirements are that this must be a new agreement regarding the same subject matter and must be supported by consideration. Id. See also *Consolidated Fed. Corp. v. Cain,* 195 Ga. App. 671, 672 (394 SE2d 605) (1990) (despite the requirement that any changes or additions must be in writing, where buyers orally instructed builder to make changes and builder agreed, the trier of fact was authorized to find a waiver of this requirement).

Here, viewing the evidence and making all reasonable inferences in favor of the Bendocks, there was evidence of a new agreement in which the Bendocks paid Traton $810 that ordinarily would not have been due until closing, and Traton promised to regrade the lot "within reasonable limits."

2. The next issue is the Bendocks' refusal to close because the house was not substantially complete and they were not satisfied with the way the lot was regraded. On appeal, the Bendocks do not argue any evidence or law on the issue of whether the house itself was completed to their satisfaction, and therefore, this claim is abandoned.

There is, however, an issue of fact remaining as to whether Traton breached its agreement with the Bendocks to regrade the lot to their satisfaction. Scott Bendock's affidavit states that the lot was not changed to suit their specifications, and the defendants told him

on the day before closing that they would not repair the contour of the lot.

The house on a lot without a yard in which their children can play was of no use to the Bendocks and was not what they bargained for, either in the initial agreement or the later agreement. Therefore, we cannot say as a matter of law that the Bendocks were required to either close on the house without a suitable yard or forfeit their earnest money. The trial court erred in granting Traton's motion for summary judgment.

*Judgment reversed. Ruffin and Ellington, JJ., concur.*

DECIDED MAY 19, 2000.

R. Scott Bendock, *pro se.*
Tina C. Bendock, *pro se.*
*Talley & Darden, David P. Darden*, for appellees.