### A01A0227. ARKWRIGHT v. TAULBEE.
#### (546 SE2d 335)

PHIPPS, Judge.

Henry Arkwright sued Karyl Taulbee to recover for damages to his car resulting from a collision with her car. Taulbee loaned her car to Fred Zeigler prior to the collision, but the car was being driven by

---

Nijuma Dunbar when the collision occurred. According to Taulbee, Dunbar stole the car. Arkwright asserts that Zeigler loaned the car to Dunbar in exchange for drugs. Arkwright seeks to hold Taulbee liable under the family purpose and second permittee doctrines, as well as certain negligence theories. We find the evidence insufficient to sustain a recovery under Georgia law and affirm the trial court's grant of Taulbee's motion for summary judgment.

Summary judgment is proper when there is no genuine issue of material fact and the undisputed facts, taken in the light most favorable to the nonmoving party, warrant judgment as a matter of law in favor of the moving party.[1] Summary judgment rulings are not based on weighing of evidence or on credibility of witnesses.[2] Moreover,

> evidence offered on motion for summary judgment is held to the same standards of admissibility as evidence at trial, and evidence inadmissible at trial is generally inadmissible on motion for summary judgment. Hearsay is never admissible and has no probative value unless it comes within a recognized exception to the rule. [Cit.][3]

To obtain summary judgment, a defendant must point to an absence of evidence supporting at least one essential element of the plaintiff's claim.[4] Consequently, summary judgment is properly granted to the defendant if the evidence is insufficient as a matter of law to support a finding necessary to establishment of the plaintiff's claim.[5]

In this case, the following facts are undisputed.

Taulbee loaned her car to Zeigler, who lives with her and is the father of two of her three children. He has a history of criminal convictions for various nondrug offenses and was arrested for driving with a suspended license after the collision in this case. He was released from prison and placed on parole approximately two months prior to the collision. Several hours before the collision, Zeigler telephoned Taulbee and told her that he was at a pool hall and had locked the keys in the car.

At the time of the collision, Dunbar, a convicted seller of cocaine, was driving the car with two passengers. While driving the car, Dunbar ran a stop sign and collided with a car being driven by Walter Young but claimed to be owned by Arkwright. Taulbee did not know Dunbar and had not given him permission to drive her car. Following

---

[1] *Brown v. Allied Printing Ink Co.*, 241 Ga. App. 310 (526 SE2d 626) (1999).

[2] *Jenkins v. Brice*, 231 Ga. App. 843-844 (499 SE2d 734) (1998).

[3] *Barich v. Cracker Barrel &c.*, 244 Ga. App. 550, 551 (1) (536 SE2d 221) (2000).

[4] *Bendock v. Traton Corp. of Cobb*, 244 Ga. App. 110, 111 (534 SE2d 849) (2000).

[5] See *Chrysler Corp. v. Batten*, 264 Ga. 723, 726-727 (3) (450 SE2d 208) (1994).

the collision, Dunbar and one of the passengers fled the scene leaving the keys in the ignition. When the police informed Taulbee of the collision, she stated that she had let a friend "hold" the car.

1. Although Zeigler testified that the car had been stolen from where he had parked it and that he did not know Dunbar and had not given him permission to drive the car, Arkwright asserts that Zeigler had loaned the car to Dunbar in exchange for crack cocaine. There is insufficient evidence to support such a finding.

The evidence relied on by Arkwright consists of a newspaper article regarding a practice by local drug users of paying for crack cocaine by loaning their cars to the dealers and then reporting the cars as stolen, as well as testimony by one of Dunbar's passengers that he had told her that someone let him "hold" the car. This evidence is hearsay and without probative value.[6]

The only competent evidence adduced by Arkwright in support of his claim that Dunbar did not steal the car is found in Young's testimony that there were no visible signs of forced entry. There is also an absence of evidence that anything was taken from the car or that the car was ever reported as stolen.

2. As a matter of law, the second permittee doctrine provides no basis for imposing liability against Taulbee.

"The 'second permittee' doctrine provides that when a third person uses a car via another person who did have permission to use the car, this is a permissive use under the [omnibus clause of an automobile liability] insurance policy as long as 'the use falls within the scope of the permission.' [Cit.]"[7]

The fact that a car is being driven by one person or another with the owner's permission does not, in and of itself, establish a basis for imposition of liability against the owner for the negligence of the permittee. Instead, it provides grounds for holding that an accident is covered under the owner's automobile policy.

3. There is insufficient evidence to support a recovery against Taulbee under the family purpose doctrine.

For the family purpose doctrine to be applicable to impose vicarious liability on the owner for the negligence of the driver, various factors must be present.[8] Among other things, the driver must be a

---

[6] *Sanders v. State*, 138 Ga. App. 774 (1) (227 SE2d 504) (1976) (newspaper article is hearsay); *Hurston v. State*, 194 Ga. App. 226 (390 SE2d 119) (1990) (testimony considered hearsay if the witness is testifying to another party's statement in order to prove or demonstrate truth of matter asserted in statement).

[7] *Prudential Property &c. Ins. Co. v. Walker*, 219 Ga. App. 84, 85 (1) (464 SE2d 230) (1995); compare *State Farm &c. Ins. Co. v. Porter*, 186 F2d 834, 839 (9th Cir. 1950) (citing rule in California that if owner's permittee has entrusted automobile to another, latter's use is automatically deemed to be with owner's permission).

[8] *Wingard v. Brinson*, 212 Ga. App. 640, 641 (1) (442 SE2d 485) (1994).

member of the defendant's immediate household, and the automobile must have been driven with the permission or acquiescence of the defendant.[9] The family purpose doctrine does not apply here, because it is undisputed that Dunbar was not a member of Taulbee's household, and "[t]his is not a case where family purpose liability could be predicated upon facts showing that the member of the immediate household who was given permission to drive the car was present in the car and permitted a third person to drive the car. [Cit.]"[10]

4. Therefore, in order for Arkwright to hold Taulbee liable for damages to the car, he must show that she was guilty of some negligent act which proximately contributed to the damage.[11] Arkwright seeks to hold Taulbee liable under the negligent entrustment doctrine and on a legal theory referred to as "special circumstances."

(a) Under the "special circumstances" theory, an owner who leaves his or her vehicle in a high crime area and negligently allows it to be stolen may be held liable for injuries resulting from the subsequent negligent operation of the vehicle by the thief.[12] We have, however, rejected this theory of liability.[13] Moreover, if anyone were negligent in allowing the car to be stolen, it would have been Zeigler rather than Taulbee.

(b) Under the negligent entrustment doctrine,

a party is liable if he entrusts someone with an instrumentality, with actual knowledge that the person to whom he has entrusted the instrumentality is incompetent by reason of his age or inexperience, or his physical or mental condition, or his known habit of recklessness. [Cits.][14]

Because there is no evidence of any actual knowledge by Taulbee that Zeigler was an incompetent or reckless driver for any of the above reasons[15] and no evidence that negligence by her in entrusting the car to Zeigler was the proximate cause of the collision,[16] the trial court did not err in granting summary judgment to Taulbee on Arkwright's claim of negligence.

*Judgment affirmed. Smith, P. J., and Barnes, J., concur.*

---

[9] Id.

[10] *Parker v. Jester*, 244 Ga. App. 494, 496 (2) (535 SE2d 814) (2000).

[11] *Price v. Big Creek of Ga.*, 191 Ga. App. 534, 535 (382 SE2d 356) (1989).

[12] See *Robinson v. Pollard*, 131 Ga. App. 105, 106 (1) (205 SE2d 86) (1974).

[13] *Price*, supra; *Robinson*, supra.

[14] (Footnote omitted.) *Gunn v. Booker*, 259 Ga. 343, 347 (3) (381 SE2d 286) (1989).

[15] See *Harvey v. Taylor*, 193 Ga. App. 172, 174 (387 SE2d 403) (1989).

[16] See *Seymour v. Vaughn*, 181 Ga. App. 604 (353 SE2d 91) (1987); see also *Williams v. Britton*, 226 Ga. App. 263 (485 SE2d 835) (1997); compare *Chester v. Evans*, 115 Ga. App. 46 (153 SE2d 583) (1967).

DECIDED FEBRUARY 22, 2001.

*Randall A. Schmidt*, for appellant.

*Brennan, Harris & Rominger, Mason White, James D. Kreyenbuhl*, for appellee.