## Whitesides v. Wheeler.

(Decided March 19, 1914.)

### Appeal from Oldham Circuit Court.

Parent and Child—Torts of Child.—Where an adult insane son lived with his mother, and without her knowledge obtained possession of a weapon with which he shot the plaintiff, unless the

mental condition of her son was such as to charge her with the exercise of such measures of restraint as would have rendered it impossible for him to have obtained a weapon, she is not answerable in damages for the injuries inflicted by him.

EDWARDS, OGDEN & PEAK for appellant.

D. H. FRENCH for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming.

Walter Whiteside was employed by Mrs. Annie Wheeler to paint her residence in Lagrange, both its exterior and interior. He painted the exterior first, being engaged thereat between two and three weeks. After completing the outside painting, he went to work on the inside of the residence, and while engaged therein, he was shot in the forearm and wounded by Gilly Wheeler, a son of Mrs. Annie Wheeler.

Gilly Wheeler, at the time of this shooting, in June, 1912, was about thirty-two years of age; and was of unsound mind. When about nineteen years of age, following a controversy in which he cut his adversary with a pocket knife, he was adjudged insane, and was sent to the Lakeland Asylum for the Insane. He was kept confined there for about a year, when he was releasel as having recovered; and thereafter he continued to reside with his mother until the time of this shooting, after which he was again adjudged insane.

Whitesides sued Mrs. Wheeler for damages for the injuries sustained by him at the hands of her son, Gilly, alleging that she knew that he was dangerous, and that he kept about him deadly weapons, and that she knew or could have known that injury to others might result therefrom. The trial court directed a verdict for the defendant; and plaintiff appeals.

1. If the defendant knew that her son had this weapon, and if his condition of mind was such that she knew, or in the exercise of ordinary care, could have known that injury to others might result therefrom, then she was guilty of negligence and answerable in damages to the plaintiff. Meers v. McDowell, 110 Ky., 926, 62 S. W., 1013, 23 R., 461, 96 Am. St. Rep., 475, 53 L. R. A., 789. Or, if she knowingly permitted the weapon to remain in a place accessible to him, and knew or, in the exercise of ordinary care could have known that danger to others might result therefrom, she was guilty of actionable negligence. But, there is no proof in the record

that she knew that he had the weapon; nor is there any proof that she knowingly permitted it to remain in a place accessible to him.

2. But, appellant contends that because of the mental condition of her son, the appellee was charged with the duty of exercising such character of restraint over her son as would have prevented his obtaining possession of a weapon, and that she is therefore guilty of negligence.

If his condition of mind was such that he was dangerous, or that danger to others might reasonably be expected, it might be conceded that it was the duty of appellee while her son was in her custody and under her control to have used such measures of restraint and control as would have resulted in rendering it impossible for him to have procured possession of a weapon. While no authority upon this point has been brought to our attention, we think the principle analagous to that of the law of secondary trespass which holds the owner of a domestic animal answerable in damages for injuries done by such animal when the vicious nature of such animal is known to such owner.

But, we find in the record no proof sufficient to charge appellee with the duty of exercising so great a measure of restraint over her unfortunate son. The only overt act of violence upon his part, disclosed by the evidence, is that which occurred ten or twelve years before the appellant was shot, and after which, appellee's son was confined in the insane asmlum, and was released in about a year, as recovered.

It is true that appellant offered to prove that people generally regarded Gilly Wheeler as a man of unsound mind, dangerous, and with homicidal tendencies. But this evidence was not competent. The only purpose such testimony could serve would be to charge appellee with the duty of exercising unusual measures of restraint over her son, and testimony as to how other people regarded his mental condition, was not competent for that purpose. Nothing but proof of overt acts of violence was competent upon that issue; and even with such proof, appellee would not be answerable in damages for the injuries to recover damages for which this action was brought, unless actual knowledge of such overt acts of violence was brought home to appellee, or the character of the evidence in that respect was such as to raise a presumption of such knowledge upon her part.

Judgment affirmed.