42318. CHESTER v. EVANS, by Next Friend, et al.

SUBMITTED SEPTEMBER 9, 1966—DECIDED JANUARY 17, 1967.

*Greene, Neely, Buckley & DeRieux, Harry L. Greene, James A. Eichelberger, Wallace, Wallace & Driebe,* for appellant.

*David H. Fink, Thomas Carter,* for appellees.

PANNELL, Judge. This case is before this court on an appeal from the overruling of an oral motion to dismiss a petition as to the defendant father in an action against the father and his thirteen-year-old son for injuries sustained by a passenger in an automobile owned by the father and operated by the son. The time of the injury was December 28, 1964. The petition alleged substantially the following: that on occasions prior to December 28, 1964, the defendant, Howard Chester, had instructed his son, Herbert Chester, in the use and operation of the said 1964 Dodge and repeatedly permitted the said Herbert Chester to sit in and play in the vehicle when it was parked, when no adults were present, and when he had reason to know that the said. Herbert Chester was operating the controls of said automobile; that the defendant, Howard Chester, kept the aforesaid automobile in a garage at the rear of the family residence at No. 5146 Highway 42, Ellenwood, when said automobile was not in use by himself or other members of his family; that the aforesaid garage has no door and was not locked or otherwise secured on the evening of December 27, 1964, when the defendant, Howard Chester, placed said car in the garage for the

evening; that the defendant left the keys to the said 1964 Dodge sedan in the ashtray of the said vehicle on the evening of December 27, as was his custom and habit and knowing said custom and habit was well known to his minor son, the defendant, Herbert Chester; that on or about 1:00 a.m., in the morning of December 28, 1964, the defendant, Herbert Chester, invited the plaintiff to come with him for a ride in the aforesaid 1964 Dodge sedan; that the defendant was thirteen (13) years of age at the aforesaid day and date, had no driver's license, was not thoroughly versed in the operation of said 1964 Dodge or any other motor vehicle, lacked adequate training, experience and mature judgment in the operation of a motor vehicle, and was an incompetent and unqualified driver by reason of inadequate training, experience and lack of mature judgment, as evidenced by facts set out hereinbefore and hereafter in this petition; that the defendant, Howard Chester, knew his son, Herbert Chester, was, on or before December 28, 1964, unqualified to operate a motor vehicle on the streets and highways of Georgia, and would not be entitled or so qualified for a period of more than two (2) years, but said Howard Chester instructed, aided and encouraged his said minor child in the operation of automobiles and trucks belonging to the said Howard Chester, allowing said minor child to operate motor vehicles on the public highways and streets of the State of Georgia, and instructed said minor child in the use and operation of cars and trucks used in the business of said Howard Chester; that the defendant, Howard Chester, knew of Herbert Chester's intense interest in operating the said automobile and that the said Herbert Chester had on many occasions, best known to the defendants, begged and pleaded to be allowed to operate and/or aid in the operation of said 1964 Dodge and other vehicles belonging to the said Howard Chester; that the defendant, Howard Chester, habitually and continuously left the aforesaid 1964 Dodge and other vehicles belonging to the said Howard Chester in the garage behind the family residence with the keys therein, with knowledge that his son, Herbert Chester, knew that said keys were located in the automobile; that in spite of the facts as aforesaid and knowledge of his son's desires and propensities as

aforesaid, the defendant, Howard Chester, persisted in leaving his said 1964 Dodge sedan unattended in an unlocked garage with the keys accessible to his minor son until the evening of December 28, 1964, when his son, Herbert Chester, went to the said car, drove it, wrecked it, and thereby caused the severe and permanent injuries to the plaintiff as aforesaid; that the defendant, Howard Chester, failed to exercise ordinary care in the use and securing of his automobile as aforesaid, which negligent acts directly resulted in the aforesaid injuries to the plaintiff; that a modern, high-powered automobile such as a 1964 Dodge Sedan is a dangerous instrumentality when operated by a thirteen-year-old child, and the defendant, Howard Chester, was negligent in encouraging said child in the use and operation of said automobile and in failing to secure said vehicle properly after so encouraging and demonstrating its use and operation to his thirteen-year-old son, and having actual knowledge and notice of his son's intense interest and desire to operate said vehicle; that plaintiff was a house guest of the defendants at the time of the aforesaid accident, having been invited by the defendants to remain overnight at their home on the evening of December 27 and December 28; that the negligence of the defendant, Howard Chester, consisted of the following specific acts and omissions among others: (1) Encouraging, aiding and instructing Herbert Chester in the use and operation of cars and trucks as aforesaid when said child was as a matter of law and fact unqualified to operate the aforementioned 1964 Dodge or any other car or truck on the streets and highways of the state; (2) Leaving the aforesaid 1964 Dodge sedan in an unlocked and unsecured garage accessible to his thirteen-year-old son; (3) Habitually leaving the keys to said car in the unattended car, knowing that said thirteen-year-old son knew where said keys were located; (4) Persisting in said above negligent acts when he knew of his son's intense interest in and desire to drive said motor vehicle and many previous requests to drive said car.

The alleged liability here is bottomed upon the actions of the father in teaching the child to drive the automobile and creating within the child an intense desire to drive the auto-

mobile and thereafter, as had been his custom, leaving the car in an unlocked garage with the keys in the ashtray with knowledge that the child was extremely desirous of driving the car and with the knowledge that the child knew where the keys were kept. There is no allegation that the child had a propensity for disobeying the father or of satisfying his desires without permission; on the contrary, it can be fairly inferred from the allegations of the petition (*Hillhouse v. C. W. Matthews Contracting Co.*, 112 Ga. App. 73, 74 (143 SE2d 686)) that the child over a period of time, and after having frequent requests to drive the car refused, was obedient to the father, thus giving the father no cause to anticipate that he would disobey the father and drive the automobile without permission, nor were there any allegations that he had permission to drive the car without his father being in it, or that he had ever done so. So far as the petition discloses the child deliberately disobeyed his parents and took the car without permission.

We are not here concerned with cases where a "dangerous instrumentality" was furnished to the child, nor with cases where the child has shown such habits of action, known to the parent, as would make his use of the instrument furnished him probably or likely dangerous to others. See *Assurance Co. of America v. Bell*, 108 Ga. App. 766, 772 (4) (134 SE2d 540), citing *Davis v. Gavalas*, 37 Ga. App. 242 (139 SE 577); *Barlow v. Lord*, 112 Ga. App. 352 (145 SE2d 272). (It might be well to state at this point that we do not agree with the statement on page 775 of the *Bell* case that the question "is whether (a) a duty was raised against the parent by the facts of the case of anticipating that in the absence of his supervision a particular type of injury to another will result, . . ." (Under the decisions of this court it is a question of whether a duty is raised to anticipate injury to another rather than a particular type of injury.))

A petition shall "plainly, fully and distinctly" set forth a cause of action (*Code* § 81-101); and, "On general demurrer the allegations of the petition will be construed most strongly against the pleader, and allegations of matters vitally essential to set up a good cause of action will not be implied from the

pleading, but must be distinctly made therein." *Evans v. Dickey*, 50 Ga. App. 127 (1) (177 SE 87) ; *Gilbert Hotel No. 4 v. Jones*, 72 Ga. App. 819 (35 SE2d 304) ; *Miller v. Quaker Savings Assn.*, 53 Ga. App. 703, 705 (186 SE 885) ; *Crosby v. Calaway*, 65 Ga. App. 266, 270 (16 SE2d 155) ; *Ewing v. Paulk*, 208 Ga. 722 (3) (69 SE2d 268) ; *Winder v. Winder*, 218 Ga. 409, 413 (128 SE2d 56).

"In 46 CJ 1332, the rule as deduced from the authorities is thus stated: 'A parent may be liable for an injury which is directly caused by the child, where the parent's negligence has made it possible for the child to cause the injury complained of and probable that the child would do so, as where the parent negligently permits a young child to use or have access to firearms or other dangerous weapons,' but the 'liability is based upon the rules of negligence rather than the relation of parent and child; and, as in other negligence cases, the negligence of the parent must have been the proximate cause of the injury. In other words, the injury must have been the natural and probable consequence of the negligent act, that is, a consequence, which under the surrounding circumstances, might and ought reasonably to have been foreseen as likely to flow from such act.' See also 20 RCL 627, § 33; Meers v. McDowell, 110 Ky. 926 (62 SW 1013, 53 LRA 790, 96 ASR 475) ; Whitesides v. Wheeler, 158 Ky. 121 (164 SW 335, 50 LRA (NS) 1104, AC 1915D 223) ; Neubrand v. Kraft, 169 Iowa 444 (151 NW 455, LRA 1915D 691) ; Walker v. Klopp, 99 Neb. 794 (157 NW 962, LRA 1916E 1292) ; Gardiner v. Solomon, 200 Ala. 115 (75 S 621, LRA 1917F 380) ; Dickens v. Barnham, 69 Colo. 349 (194 P 356, 12 ALR 809) ; Elliott v. Harding, 107 Ohio St. 501 (140 NE 338, 36 ALR 1128, 1137) ; Parham v. Lemmon, 119 Kan. 323 (144 P 227, 44 ALR 1500) ; Stewart v. Swartz, 57 Ind. App. 249 (106 NE 719) ; Salisbury v. Crudale, 41 R. I. 33 (102 A 731) ; Charlton v. Jackson, 183 Mo. App. 613 (167 SW 670).

"There is nothing strange or unusual in this doctrine. It is simply a restatement of the general rule applicable in negligence cases. In order for an act of negligence to give rise to a cause of action, it must be such that a person of ordinary

caution and prudence should have foreseen or anticipated that some injury would likely result therefrom. *Mayor &c. of Macon v. Dykes,* 103 Ga. 847 (31 SE 443); *Southern R. Co. v. Webb,* 116 Ga. 152 (42 SE 395, 59 LRA 109); *Western & A. R. Co. v. Bryant,* 123 Ga. 77 (51 SE 20); *Gillespie v. Andrews,* 27 Ga. App. 509 (108 SE 906)." *Hulsey v. Hightower,* 44 Ga. App. 455, 459-460 (161 SE 664). One of the problems in making a proper determination in the present case is attributable to the age of the child: When a child is of very tender years it probably should be anticipated by a parent that he might seek means to satisfy intensive desires, even though contrary to parental discipline. Whether this age should be limited to six years in accordance with decisions of this court that a child under six is incapable of intention to do wrong we do not decide. However, we are of the opinion that a child thirteen years of age who has shown no propensities for disobedience is of an age where he can be expected to abide by the wishes of his parents and be amenable to parental discipline and obedient thereto. Certainly under these circumstances, the parent should not be compelled to anticipate disobedience.

Under these allegations of the petition here we see no reason for the parent to have anticipated that injury would likely result to another under the facts alleged. In our opinion the petition contained insufficient allegations to set forth a cause of action. The trial court erred in overruling the motion to dismiss. A different conclusion is not required by *Higdon v. Georgia Winn-Dixie Inc.,* 112 Ga. App. 500 (145 SE2d 808); *Parsons, Inc. v. Youngblood,* 105 Ga. App. 583 (125 SE2d 518). See generally *Roach v. Dozier,* 97 Ga. App. 568 (103 SE2d 691); *Graham v. Cleveland,* 58 Ga. App. 810 (200 SE 184); *John Deere Plow Co. v. Johnson,* 98 Ga. App. 36 (2) (105 SE2d 33); *Bell v. Adams,* 111 Ga. App. 819 (143 SE2d 413).

*Judgment reversed. Felton, C. J., and Frankum, J., concur.*