## A97A0527. WILLIAMS et al. v. BRITTON.
(485 SE2d 835)

BLACKBURN, Judge.

Plaintiffs Frances S. Williams and Lemuel E. Williams appeal from the trial court's grant of summary judgment in favor of Walter Dexter Britton. Frances S. Williams was injured when the automobile she was driving collided with an automobile owned by Britton. Britton was not involved in the collision, but his brother, Kenneth Brando Britton (Kenneth), was driving the car when this incident occurred. Mr. and Mrs. Williams filed suit against both brothers for personal injury and property damage, and alleged causes of action for negligence and negligent entrustment against Britton.[1] For the reasons set forth below, we affirm.

The facts show that on December 31, 1992, Britton parked his car in front of his family's home, left the keys in the car, and went inside and fell asleep. Kenneth, who did not have a driver's license, took the car that evening while Britton was sleeping. Kenneth did not have Britton's permission to drive the car, and Britton had no knowledge that Kenneth had taken the car. Later that evening, Britton was awakened by his sister, who informed him that Kenneth had taken the car. Kenneth deposed that he had in fact taken the car without permission, that he was intoxicated at the time, and that soon after taking the car, he was involved in the subject collision.

Plaintiffs allege that Britton was negligent because he should have foreseen that Kenneth, who he knew had an alcohol problem, would see the keys in the ignition of the car and drive it while intoxicated. They assert two separate arguments, to wit: (1) Britton negligently left the keys in the car, and (2) Britton negligently entrusted the car to Kenneth.

With respect to the contention that Britton negligently left the keys in the car, we have previously determined that "there is no liability arising from the fact of keys being left in a car." (Punctuation omitted.) *Willis v. Allen*, 188 Ga. App. 390, 392 (373 SE2d 79) (1988). "In Georgia, it is not the duty of the owner or driver of an automobile,

---

[1] Kenneth is not a party to this appeal.

before leaving it parked, to render the vehicle impossible for it to be started by a third person." (Punctuation omitted.) *Long v. Hall County Bd. of Commrs.*, 219 Ga. App. 853, 855 (467 SE2d 186) (1996). Although in certain limited circumstances liability might arise from the leaving of keys in a car, see, e.g., *Robinson v. Pollard*, 131 Ga. App. 105, 107-108 (205 SE2d 86) (1974) (discussing how liability might have attached in *Roach v. Dozier*, 97 Ga. App. 568 (103 SE2d 691) (1958) and *Chester v. Evans*, 115 Ga. App. 46 (153 SE2d 583) (1967)), no such circumstances are present in this case. Viewing the evidence and all reasonable inferences therefrom in favor of plaintiffs, as the non-moving parties, they have therefore failed to present a genuine issue of material fact with respect to Britton's negligence on this issue, and under the standard set forth in *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991), summary judgment was appropriately granted for Britton.

Plaintiffs also suggest that Britton negligently entrusted his car to Kenneth. "Under the theory of negligent entrustment, liability is predicated . . . on a negligent act of the owner in lending his automobile to another to drive, with actual knowledge that the driver is incompetent or habitually reckless, and this negligence must concur, as a part of the proximate cause, with the negligent conduct of the driver on account of his incompetency and recklessness." (Punctuation omitted.) *Willis*, supra at 391. However, because the uncontroverted evidence shows that Kenneth took the car without Britton's permission and knowledge, it cannot be said that Britton lent Kenneth the car or otherwise entrusted him with it. Although plaintiffs argue that Kenneth had Britton's "implied consent" to drive the car, no evidence of such consent exists in the record. To the contrary, Kenneth testified that he had never been allowed to drive the car without Britton's permission.

Britton has therefore shown an absence of evidence to support the plaintiffs' case, and they have failed to counter this with specific evidence giving rise to a genuine issue of material fact. See *Lau's Corp.*, supra. Britton was also entitled to summary judgment on the issue of negligent entrustment, and the trial court did not err in granting same.

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED APRIL 24, 1997.

Before Judge Newton.

*Roy E. Harkleroad*, for appellants.
*Joseph E. East*, for appellee.