## A01A2494. THOMPSON v. LEDBETTER et al.
(561 SE2d 476)

MILLER, Judge.

Dorothy Thompson appeals from the trial court's grant of a directed verdict against her on her claim for negligent entrustment. She argues on appeal that (1) the trial court erred in granting defendant Leon Whitfield a directed verdict since the circumstantial evidence at trial revealed that Whitfield gave James Ledbetter, an incompetent driver, permission to drive his truck, and (2) the trial court erred by sustaining Whitfield's objection to Thompson's cross-examination regarding Whitfield's meeting and knowing Ledbetter's family. We hold that the trial court erred by granting a directed verdict to Whitfield.

Viewed in the light most favorable to Thompson, the evidence reveals that on the night of April 4, 1997, Ledbetter, an employee of Whitfield, drove a truck owned by Whitfield and was involved in a car accident. Thompson was a passenger in the truck and suffered injuries in the accident.

Prior to the accident, the truck had been parked at Whitfield's place of business in an area that was monitored by security cameras and a 24-hour management staff. Whitfield generally knew where the truck was parked on the weekends and testified that he knew that the truck was missing on Friday, the day before he received a call from Thompson's mother about the accident. There was no evidence of when, if ever, Whitfield reported the truck stolen after he discovered that it was missing on Friday.

Thompson's mother testified that when she called Whitfield after the accident to inform him of what had happened, Whitfield denied that he even knew Ledbetter. The mother also testified that she had never spoken to Whitfield prior to the accident. Although several witnesses saw Ledbetter use the truck regularly prior to the accident, none of them knew whether Ledbetter had permission to use the

truck. Whitfield never testified that he did not give Ledbetter permission to drive the truck, and Ledbetter did not testify at trial.

Thompson's counsel attempted to cross-examine Whitfield about his meeting Ledbetter's brother. However, Whitfield's counsel objected, and the trial court sustained the objection, finding this line of questioning about Ledbetter's family to be irrelevant.

At the close of Thompson's evidence, Whitfield moved for a directed verdict, which was granted.

1. Thompson argues that the trial court erred in granting a directed verdict to Whitfield on Thompson's negligent entrustment claim because circumstantial evidence indicates that Whitfield gave Ledbetter permission to use his truck on the night of the accident. Since the evidence authorizes an inference that permission was given, we hold that the trial court erred by granting a directed verdict to Whitfield.

A directed verdict is appropriate when there is no conflict in the evidence as to any material issue, and the evidence introduced, construed most favorably to the party opposing the motion, demands a particular verdict. *Beasley v. Paul*, 223 Ga. App. 706, 707 (2) (478 SE2d 899) (1996).

"Under the theory of negligent entrustment, liability of an owner of a vehicle is predicated upon the negligent act of the owner in lending his vehicle to another person with actual knowledge of the latter's incompetence or habitual recklessness." (Citation omitted.) *Clarke v. Cox*, 197 Ga. App. 83 (1) (397 SE2d 598) (1990). In this regard, Thompson was required to prove that Whitfield gave Ledbetter permission to use his truck. See *Pague v. Pendley*, 177 Ga. App. 573, 575 (3) (340 SE2d 190) (1986). Whitfield concedes that he had actual knowledge that Ledbetter was an incompetent driver.

Evidence of employment with the car owner and prior use of a car can raise an inference that permission was given to use the vehicle. *Barnes v. Johnson*, 194 Ga. App. 568, 570 (1) (390 SE2d 921) (1990). Here, Ledbetter, an employee of Whitfield, was seen using the truck on several occasions prior to the night of the accident. Even though no one could testify whether Ledbetter had express permission to use the truck, the jury was authorized to infer that Ledbetter had permission to drive the truck. Contrary to the trial court's order, there was no direct testimony that Ledbetter did not have permission to drive the truck. The trial court therefore should have allowed the jury to decide this case based on the evidence presented and erred by granting a directed verdict to Whitfield on Thompson's negligent entrustment claim.

2. In light of our holding in Division 1, the second enumeration is moot.

*Judgment reversed. Andrews, P. J., and Eldridge, J., concur.*

DECIDED MARCH 8, 2002.

*Serio & Swilley, Salvatore J. Serio*, for appellant.
*Fortson, Bentley & Griffin, J. Edward Allen, Jr.*, for appellees.