## A03A0062. METROPOLITAN PROPERTY & CASUALTY INSURANCE COMPANY v. McCALL et al.
## A03A0063. McCALL et al. v. SMALLWOOD et al.
### (581 SE2d 651)

ANDREWS, Presiding Judge.

These cases arose as a result of a traffic accident between Jason McCall and Tonya Smallwood. The car Jason was driving was owned by Howard and Marcia McCall, Jason's father and stepmother. They often loaned the car to Lacey Bush, Jason's girlfriend and the mother of his two children, when she needed it for family purposes. The sole issue before us on appeal is whether Howard and Marcia McCall gave Jason permission to drive the car. Because the only evidence in the record is that Jason did not have permission to drive the car, we reverse.[1]

After the accident, Smallwood and the passengers in her vehicle filed suit against Jason McCall and Howard and Marcia McCall. Metropolitan Property & Casualty Insurance Company, Howard and Marcia McCall's insurer, filed a declaratory judgment action, seeking a ruling on whether it had a duty to defend the lawsuit.

In Case No. A03A0062, Metropolitan appeals the denial of its motion for summary judgment, arguing the trial court erred in holding that there was an issue of fact as to whether Jason was an insured under the policy. In Case No. A03A0063, Howard and Marcia McCall appeal the trial court's denial of their motion for summary judgment on Smallwood's claim of negligent entrustment. For the following reasons, we reverse in both cases.

Jason McCall, who was 32 years of age at the time of the accident, lived with his girlfriend Lacey Bush and their two children. Jason did not have a driver's license, and neither Jason nor Lacey owned a car. Accordingly, Jason would be an insured under Howard and Marcia McCall's policy only if he were driving their car with their permission.

The evidence in the record consists solely of the depositions of Howard McCall, Marcia McCall, and Jason McCall. In those depositions, each party consistently testified that Jason did not have permission to drive the car, knew he did not have permission to drive the car, and also that Lacey Bush knew he did not have permission to drive the car.

For instance, Jason testified that it was "strictly forbidden" for

---

[1] The trial court's order used an incorrect definition in construing the insurance policy. The order states that the definition of an insured under the policy is someone using the car "within the scope of your permission." This term was amended to "any other person using it *with your permission.*" See Record, p. 47. Accordingly, the dissent's extensive quote from the trial court's order overlooks the fact that this is not a case dealing with the "scope of permission" given to Lacey Bush.

him to drive any of the McCalls' cars because they knew he did not have a driver's license. He said that "[t]he car was loaned to Lacey with the express consent that I would not drive that vehicle." Jason testified that Lacey did not know he was driving the car on the day of the accident. Marcia McCall testified: "Jason was not allowed to drive anything." She stated that she allowed Lacey to use one of the cars when she needed it. Lacey used the car to take the children to the doctor or to visit her parents. Each time Lacey used the car, she would ask permission. At the time of the accident, Lacey had taken the car to show to her father because she wanted him to help her buy the car. Marcia McCall testified that Lacey knew Jason did not have permission to drive the car because she told her that Jason was not to drive. Howard McCall testified that they had not allowed Jason to drive any of their cars for several years because he did not have a driver's license. He stated that Lacey had permission to drive the car but was told that Jason was not to drive.

In its order, the trial court found an issue of fact as to whether the McCalls gave Jason permission to drive. The trial court pointed out that Jason testified that his father told him not to "get caught" while driving the car. But, this ignores the context of the statement. Jason testified as follows: "And they have told me several times don't get caught behind that vehicle or was caught — or if I was caught driving that vehicle Lacey would no longer be — be able to drive the car."

The trial court also held that there was a question of fact as to the purpose and scope of the permission given to Lacey Bush and whether Lacey gave Jason permission to take the car. But there is no evidence in the record that Lacey gave Jason permission to take the car. Rather, the evidence is undisputed that she did not give Jason permission to use the car.

"Summary judgment is proper when there is no genuine issue of material fact and the undisputed facts, taken in the light most favorable to the nonmoving party, warrant judgment as a matter of law in favor of the moving party." *Arkwright v. Taulbee,* 248 Ga. App. 219, 220 (546 SE2d 335) (2001). "To obtain summary judgment, a defendant must point to an absence of evidence supporting at least one essential element of the plaintiff's claim. Consequently, summary judgment is properly granted to the defendant if the evidence is insufficient as a matter of law to support a finding necessary to establishment of the plaintiff's claim." (Footnote omitted.) Id. "Summary judgment rulings are not based on weighing of evidence or on credibility of witnesses." Id.

Although the trial court acknowledged that Jason McCall's testimony was not "directly rebutted," it ruled that his credibility was "questioned" by Howard and Marcia McCall and his prior felony con-

victions made the believability of his testimony a jury issue. This holding completely overlooks the unrebutted deposition testimony of Howard and Marcia McCall in which they state that Jason never had permission to drive, he knew he was not allowed to drive their cars, and Lacey Bush knew he was not allowed to drive their cars.

Accordingly, the trial court erred in not granting Metropolitan's motion for summary judgment. See *Cook v. Prudential Property &c. Ins. Co.*, 206 Ga. App. 492 (426 SE2d 222) (1992). Likewise, if the evidence is undisputed that Jason was not allowed to drive the McCalls' car, then Smallwood cannot recover on her claim of negligent entrustment.[2] See *Williams v. Britton*, 226 Ga. App. 263, 264 (485 SE2d 835) (1997). Therefore, the trial court also erred in not granting Howard and Marcia McCall's motion for summary judgment in Smallwood's suit.

*Judgments reversed. Johnson, P. J., Blackburn, P. J., Mikell and Adams, JJ., concur. Eldridge and Barnes, JJ., dissent.*

BARNES, Judge, dissenting.

For the reasons stated in Judge Ozburn's order denying summary judgment, I must respectfully dissent. While the judge found that Jason McCall was not a "relative" entitled to coverage under the terms of the policy, he further found that a genuine issue of material fact exists regarding whether Jason was driving the vehicle with the permission of the named insureds. The trial judge analyzed the issue as follows:

> Defendant Jason McCall testified that his father and stepmother had told him not to "get caught" driving the vehicle or Lacey Bush would no longer be allowed to borrow the car and that they (his father and stepmother) obtained the vehicle so he (defendant Jason McCall) could use it for family purposes. He also testified that he and Lacey Bush were "going through some hard times and we needed a car. So my parents — my parents purchased a '96 Toyota Corolla."
>
> The Court realizes that these portions of the testimony of defendant Jason McCall stand in stark contrast to the bulk of the testimony in his deposition and those of the named insureds, Howard McCall and Marcia McCall. However, in construing the evidence in favor of the party oppos-

---

[2] "Liability for negligent entrustment flows from the negligent act of the owner permitting another to drive [his] vehicle when the owner knows the driver to be either incompetent or habitually reckless." (Punctuation omitted.) *Alamo Rent-A-Car v. Hamilton*, 216 Ga. App. 659, 660 (455 SE2d 366) (1995).

ing the motion for summary judgment, the Court finds that the issue of whether or not defendant Jason McCall had been given permission to drive the vehicle by the named insureds is a material issue of fact. See *Rolison v. Georgia Central Railway*, 273 Ga. 511 [(544 SE2d 116)] (2001). The Court also notes the general nature of long term relationship between the named insureds and defendant Jason McCall in providing for him, his girlfriend and their children. Whether his use of this vehicle was with their permission must be presented to a jury.

Secondly, whether Lacey Bush had been given specific permission to take the vehicle to show to her father in an effort to purchase the car; however, [sic] she had retained possession of it beyond the date she had planned to return it and the named insureds were not concerned. Lacey Bush borrowed the vehicle regularly for various reasons. In fact, she was not even required to give a reason for borrowing the car each time. The McCalls trusted her judgment in her use of the vehicle. The purpose and scope of the permission given to Lacey Bush to use the vehicle [are] material issue[s] of fact. See *Hartford Ins. Co. v. Nationwide [Mut.] Ins. Co.*, 240 Ga. App. 228 [(523 SE2d 71)] (1999). Whether Lacey Bush had given permission to defendant Jason McCall to drive the vehicle and whether he was driving that vehicle within the scope of that permission are material fact issues as well.

The Court recognizes that defendant Jason McCall repeatedly testified in his deposition that he had driven the vehicle without permission from Lacey Bush, but his credibility is questioned by even the named insureds in their depositions. Evidence of his prior felony convictions was presented as well. Although not directly rebutted, the believability of the testimony of defendant Jason McCall is for a jury to determine. See *McNeely v. Wal-Mart Stores, Inc.*, 246 Ga. App. 852 [(542 SE2d 575)] (2000).

If Lacey Bush had permission to drive the vehicle for general family purposes and if defendant Jason McCall used the vehicle for a family purpose with the permission of Lacey Bush, the plaintiff would be required to provide coverage. The material issues of fact as previously described preclude the granting of summary judgment.

For these reasons, I respectfully dissent.

I am authorized to state that Judge Eldridge joins in this dissent.

DECIDED APRIL 11, 2003 —
RECONSIDERATION DENIED MAY 2, 2003 —

*L. Lee Bennett, Jr.*, for Metropolitan Property & Casualty Insurance Company.

*Temple, Strickland, Dinges & Schwartz, William D. Temple*, for Jason McCall.

*Duncan & Mangiafico, George E. Duncan, Jr., Jennifer C. Adair*, for Howard McCall et al.

*Lander & Osborne, Kenneth J. Lander, Donald W. Osborne*, for Smallwood et al.

*Chambers, Aholt & Rickard, Dale C. Ray, Jr., Allen & Associates, John A. Pape*, for Allstate Insurance Company.