A03A0805. BUTLER et al. v. WARREN et al.
(582 SE2d 530)

RUFFIN, Presiding Judge.

On January 11, 2001, a pickup truck owned by Mary and Joseph Warren, but driven by Melvin Snellings, collided with a car in which Zachary Butler was a passenger. Zachary died from injuries he sustained in the wreck. His parents, Jackson and Virginia Butler, sued Snellings and the Warrens for negligently causing Zachary's death. The Warrens moved for summary judgment, arguing that Snellings caused — and is solely liable for — the death. The trial court granted the motion, and the Butlers appeal. For reasons that follow, we affirm.

"Summary judgment is proper when there is no genuine issue of material fact and the undisputed facts, taken in the light most favorable to the nonmoving party, warrant judgment as a matter of law in favor of the moving party."[1] Viewed in this light, the record shows that the Warrens, who owned a seafood business, employed Snellings

---

[1] *Arkwright v. Taulbee,* 248 Ga. App. 219, 220 (546 SE2d 335) (2001).

as a handyman around their property. On the morning of January 11, 2001, he began installing a new bathroom in the Warrens' utility shed.

Snellings traveled to work by bus that day because the State had suspended his driver's license following numerous DUI convictions. The Warrens knew that Snellings had an alcohol problem and had lost his license because of those convictions. They testified, however, that they did not permit him to drink on their property, and they ordered him to leave the premises whenever he smelled of alcohol. According to Mrs. Warren, they forbade all employees from drinking on the property, establishing a rule that "[i]f you [are] caught with beer . . . you hit the road."

Despite this rule, Snellings drank beer throughout the day, ultimately consuming 16 beers. When he ran out of construction supplies in the afternoon, he decided to go fishing until the Warrens, who had left the property, returned. Snellings drove the Warrens' pickup truck to a pond on the family property. He fished for a period of time and then drove back to the Warrens' house. Finding that the Warrens had not yet returned, Snellings left the property in the truck to purchase cigarettes. The fatal collision occurred while Snellings was on that errand. At the time of the wreck, Snellings' blood alcohol level was 0.21.

In their complaint, the Butlers allege that the Warrens negligently entrusted their pickup truck to Snellings. They further claim that the Warrens negligently gave Snellings access to the pickup truck keys. Rejecting both claims, the trial court granted summary judgment to the Warrens. We find no error.

1. In a negligent entrustment claim, liability arises from the "negligent act of the owner in lending his automobile to another to drive, with actual knowledge that the driver is incompetent or habitually reckless."[2] The owner's negligence "must concur, as a part of the proximate cause, with the negligent conduct of the driver on account of his incompetency and recklessness."[3] The Butlers contend that, because the Warrens knew about Snellings' alcohol use and driving history, they negligently entrusted their pickup truck to him, resulting in Zachary's death.

The record shows that the Warrens did not specifically give Snellings permission to drive the truck on January 11, 2001. Nevertheless, the Butlers argue that the Warrens authorized this use because Snellings drove the truck on other occasions with their permission. According to Snellings, the Warrens allowed him to use the

---

[2] (Punctuation omitted.) *Williams v. Britton*, 226 Ga. App. 263, 264 (485 SE2d 835) (1997).

[3] (Punctuation omitted.) Id.

truck on the 16 acres of private property belonging to their family.[4] He further testified, however, that he had never before driven the truck or any other vehicle belonging to the Warrens off the property. And although Snellings did not recall specific instructions to stay on the property, the Warrens never authorized him to leave the premises in their truck. Asked whether he thought he had permission to drive the truck to the store for cigarettes, Snellings responded:

> I didn't know if they would be mad or not. You know, I was taking a chance. That's the first time I had ever drove [sic] the truck off the property. I was taking a chance on how mad they would have been.

As we recently noted, "[e]vidence of employment with the car owner and prior use of a car can raise an inference that permission was given to use the vehicle."[5] Such evidence certainly exists as to Snellings' use of the truck on the Warren family property, potentially raising an inference of permission for that use. But the Butlers presented no evidence that the Warrens authorized Snellings to drive the truck off their private property or that he had used the truck in this manner prior to January 11, 2001. In fact, the evidence shows the opposite. The Warrens never gave him such permission, and Snellings admittedly took a "chance" when he decided to leave the property.

On appeal, the Butlers argue that Mrs. Warren told police that Snellings had previously driven the truck off the family property. The record shows that, when Mrs. Warren learned that the truck was missing from her home, she reported it stolen. According to one police officer, Mrs. Warren relayed to him her suspicion that a person from her neighborhood had taken the truck. Although Mrs. Warren did not give this officer the suspect's name, she indicated that the suspect "had taken her vehicle before."

In the Butlers' view, a jury could conclude that Snellings — who lived near the Warrens — was the suspected neighbor. But Mrs. Warren's statement does not implicate Snellings, and she testified that she did not suspect Snellings at the time. Furthermore, Snellings and the Warrens adamantly denied that he had previously driven the truck off the property. Any inference from Mrs. Warren's vague statement that Snellings used the truck off the Warren property prior to January 11, 2001, would be purely speculative.[6]

---

[4] The Warrens denied *ever* authorizing Snellings to drive the truck.

[5] *Thompson v. Ledbetter*, 254 Ga. App. 179, 180 (1) (561 SE2d 476) (2002).

[6] See *Mansell v. Starr Enterprises/Texaco*, 256 Ga. App. 257, 259 (568 SE2d 145) (2002) ("[S]peculation which raises merely a conjecture or possibility is not sufficient to create

Finally, even if such an inference could be made, we cannot find that Mrs. Warren's statement offers any evidence of permission. She informed the police that the truck had been *stolen*, possibly by someone who had previously *taken* it. No reasonable factfinder could determine from this statement alone that Snellings was authorized to remove the truck from the Warren property.[7]

Although a jury could conclude that the Warrens permitted Snellings to use the truck on their private family property, nothing shows that they allowed him to drive off the property. We cannot find, therefore, that the Warrens entrusted their truck to Snellings for this use or that their conduct proximately caused Zachary Butler's injuries. Accordingly, the trial court properly granted the Warrens summary judgment on the negligent entrustment claim.[8]

2. The Butlers also argue that the Warrens negligently gave Snellings access to their truck by leaving the ignition key in the vehicle. The evidence shows that the key was in the truck when Snellings took it, although it is unclear whether it was in the ignition, the glove compartment, or the truck's ashtray.

Generally, a car owner does not act negligently simply by leaving the ignition key in a parked vehicle.[9] Under certain circumstances, however, such conduct can result in liability.[10] For example, if an owner knows that, on previous occasions when the key remained in the car, "an incompetent driver [took it] on joy rides, a jury [could] find the owner negligent in subsequently leaving the key[ ] in the vehicle."[11] This liability stems from the owner's actual knowledge and ability to reasonably anticipate the taking.[12] No such circumstances are present here.

As noted above, the Butlers did not offer any competent evidence that Snellings had previously driven the truck off the Warrens' property. Mrs. Warren's vague statement to police does not implicate Snellings or offer any details regarding the prior taking that might impact foreseeability. And although the Warrens knew that Snellings drank to excess and had been convicted of driving under the influence, the Warrens could not reasonably anticipate that an intoxi-

---

an inference of fact for consideration on summary judgment.") (punctuation omitted). We note that Mrs. Warren's uncle, who lived next door, had also driven the truck.

[7] Compare *Ledbetter*, supra (jury could infer that employee had permission to use employer's truck based on testimony from several witnesses that employee used the truck regularly).

[8] See *Willis v. Allen*, 188 Ga. App. 390, 391-392 (373 SE2d 79) (1988); *Grant v. Jones*, 168 Ga. App. 690, 692-693 (310 SE2d 272) (1983) (physical precedent only).

[9] See *Williams*, supra at 263.

[10] See id. at 264.

[11] *Roach v. Dozier*, 97 Ga. App. 568, 571 (103 SE2d 691) (1958). See also *Chester v. Evans*, 115 Ga. App. 46, 50-51 (153 SE2d 583) (1967).

[12] See *Chester*, supra; *Roach*, supra.

cated Snellings would take the truck from their property without permission.[13] Thus, the trial court properly awarded the Warrens summary judgment on this claim.[14]

*Judgment affirmed. Smith, C. J., and Miller, J., concur.*

DECIDED MAY 22, 2003.

*Spiva, Lewis, Owens & Mulherin, George L. Lewis, Mary C. Register, Royal & Vaughan, Jeffrey S. Vaughan,* for appellants.

*Brannen, Searcy & Smith, Ashlee H. Vaught, Jordon D. Morrow,* for appellees.

---

[13] See *Williams*, supra at 263-264.

[14] See id. (defendant not liable for injuries sustained when defendant's intoxicated brother, who had a known drinking problem, took defendant's car without permission and collided with plaintiff's car, even though defendant left keys in car); *Price v. Big Creek of Ga.*, 191 Ga. App. 534, 535 (382 SE2d 356) (1989) (vehicle owner who left keys in parked car not liable to plaintiff injured when thief took vehicle and collided with plaintiff's car); *Robinson v. Pollard*, 131 Ga. App. 105, 107 (1) (205 SE2d 86) (1974) ("Even if [defendant's] employee . . . left the ignition keys in [the] truck at 7:15 a.m. it was not foreseeable that five hours later this large vehicle would be taken from private property by a party who had no relationship of any kind with the owner."); *Roach*, supra (defendant had no reason to believe that his 15-year-old nephew would take vehicle that defendant left unattended with keys in the ignition).