A09A2140. BASHLOR et al. v. WALKER.
(693 SE2d 858)

PHIPPS, Judge.

Pam and James Bashlor were injured in a collision with a truck owned by Leonardo Walker and driven by his 74-year-old father. They brought suit against Walker, alleging that his father was an incompetent driver and that Walker was negligent in "allowing [his father] to get behind the wheel of the . . . truck" and in "failing to seek help after [his father] got behind the wheel of the . . . truck." The trial court granted summary judgment to Walker, and the Bashlors appeal. Finding no error, we affirm.

> To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. . . . A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges

---

this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue.[1]

On appeal, we review the record de novo to determine whether there is a genuine issue of material fact and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.[2]

The evidence showed that on the day of the accident, May 19, 2007, Leonardo Walker lived with his parents in their house. Walker owned two vehicles, including the truck involved in the accident, and his parents owned two vehicles. Walker's mother, however, did not drive and although his father had a driver's license, which he had renewed in December 2006, he had not driven since having eye surgery earlier in 2006. Walker testified that he did not want anyone to drive his truck and had specifically told his father he could not drive the truck. Walker also had excluded his father from the list of insured drivers on the truck.

Walker testified that he was inside the house on the morning of the accident when he heard what he believed to be the truck's ignition. Walker ran outside and saw his father sitting in the truck. Walker asked his father where he was going but got no response. He tried to open the truck door but found it locked. When his father put the truck into gear, Walker smashed the driver's side window with his arm in an attempt to stop his father from leaving, but his father drove away.

Walker yelled to his mother to dial 911, then left in another car to pursue the truck. Thereafter, Walker came upon the scene of the accident. His father had collided head-on with the Bashlors' vehicle and had been killed, and the Bashlors had been injured. Because Walker's father had not been fully attired at the time of the accident, the police at the scene asked Walker if his father had any medical conditions, and Walker told them that his father suffered from the early stages of Alzheimer's disease. Walker later denied making this statement, testifying instead that his father had suffered only from diabetes and from eye problems that had been corrected by surgery.

1. The Bashlors contend that the trial court erred in granting summary judgment to Walker on their claim that he had negligently allowed his father to drive the truck.

(a) Characterizing this claim as one for negligent entrustment of a vehicle, the court held that the Bashlors had failed to present

---

[1] *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991) (citations omitted).
[2] *Merlino v. City of Atlanta*, 283 Ga. 186 (657 SE2d 859) (2008).

evidence that Walker's father had driven the truck with Walker's permission, a required element of the claim.[3] We agree that the Bashlors have not pointed to a triable issue of fact on this element of a negligent entrustment claim.

"In a negligent entrustment claim, liability arises from the negligent act of the owner in lending his automobile to another to drive, with actual knowledge that the driver is incompetent or habitually reckless."[4] To recover under this theory of negligence, therefore, a plaintiff must prove that the vehicle owner gave the allegedly incompetent driver permission to drive the vehicle.[5]

The Bashlors argue that the fact that Walker's father was driving the truck at the time of the accident was evidence that he had permission to do so. In *Thompson v. Ledbetter*,[6] we held that a jury could infer that a driver had permission to drive a vehicle where there was evidence that the person, who was the vehicle owner's employee, had been seen driving the vehicle on several previous occasions and where there was no direct testimony that the driver did not have the owner's permission to drive the vehicle on the occasion at issue.[7] Likewise, in *Progressive Ins. Co. v. Kelly*,[8] we held that a jury could infer that a driver had permission to drive a vehicle when he "drove the car in a manner exhibiting familiarity with it and as though it were in the normal course of events."[9]

The record in this case, however, is devoid of facts supporting the Bashlors' assertion that Walker's father had Walker's permission to drive based solely on the fact that he was driving Walker's truck; that assertion is simply conjecture or speculation that does not satisfy the Bashlors' burden of showing evidence giving rise to a triable issue on the negligent entrustment claim.[10] Instead, the evidence showed that Walker's father had not driven any vehicle for more than six months, that Walker had specifically excluded his father from his insurance policy covering the truck, and that, on the morning of the accident, Walker tried to stop his father from driving the truck by breaking the truck's window, telling his mother to call 911, and pursuing the truck in another vehicle. Moreover, Walker and his mother both testified

---

[3] See *Thompson v. Ledbetter*, 254 Ga. App. 179, 180 (1) (561 SE2d 476) (2002).

[4] *Butler v. Warren*, 261 Ga. App. 375, 376 (1) (582 SE2d 530) (2003) (punctuation and footnote omitted).

[5] See *Metropolitan &c. Ins. Co. v. McCall*, 261 Ga. App. 92, 94 (581 SE2d 651) (2003); *Thompson*, supra; *Williams v. Britton*, 226 Ga. App. 263-264 (485 SE2d 835) (1997).

[6] Supra.

[7] Id. at 180.

[8] 181 Ga. App. 181 (351 SE2d 544) (1986).

[9] Id. at 181-182.

[10] See *Patrick v. Macon Housing Auth.*, 250 Ga. App. 806, 809 (552 SE2d 455) (2001).

that his father was not allowed to drive the truck at any time.[11] Because the Bashlors failed to identify specific evidence that Walker's father was driving the truck with permission, the court did not err in granting summary judgment on the negligent entrustment claim.[12]

(b) The Bashlors argue that, even if there was no evidence to support a negligent entrustment claim, there was evidence demonstrating that Walker acted negligently in allowing his father access to his truck.

The evidence does not show whether Walker's father had access to a key to the truck, how he obtained access to that key if so, or how he otherwise started the truck's ignition.[13] Even if Walker had allowed his father access to the key, however, we find no triable issue on the claim that Walker was negligent in allowing such access. Generally, a vehicle owner does not act negligently simply by leaving the key in the ignition of a parked vehicle.[14]

> Under certain circumstances, however, such conduct can result in liability. For example, if an owner knows that, on previous occasions when the key remained in the car, an incompetent driver took it on joy rides, a jury could find the owner negligent in subsequently leaving the key in the vehicle. This liability stems from the owner's actual knowledge and ability to reasonably anticipate the taking.[15]

Where the record lacks evidence of the vehicle owner's actual knowledge of a past taking by an incompetent driver and the owner's ability to reasonably anticipate the taking, we have held summary judgment to be proper on a claim of negligence based on the owner

---

[11] The Bashlors argue that the trial court should not have considered the deposition testimony of Walker or his mother in granting summary judgment, because these witnesses had been impeached by evidence of prior inconsistent statements and, in the case of Walker, past criminal convictions. But even if their deposition testimony is not considered, once Walker pointed to the absence of evidence to support an essential element of the Bashlors' claim, the burden shifted to the Bashlors to identify specific evidence showing a triable issue on their claim. See *Grossman v. Brown & Webb Builders*, 255 Ga. App. 897, 899-900 (567 SE2d 116) (2002).

[12] See *Trent v. Franco*, 253 Ga. App. 104, 109 (2) (558 SE2d 66) (2001) (summary judgment for vehicle owner was proper on negligent entrustment claim where there was no evidence that driver took car with permission).

[13] The Bashlors assert that Walker's father must have obtained a key, but offer no evidence as to how he had access to it. Walker and his mother testified that they had possession of the vehicle's two keys at the time of the accident.

[14] See *Butler*, supra at 378 (2) (simply leaving key in ignition of parked vehicle generally is not negligent); *Williams*, supra (vehicle owner does not have duty to render parked vehicle impossible to be started by third person).

[15] *Butler*, supra (punctuation and footnotes omitted).

permitting access to the key. Thus, in *Butler v. Warren*,[16] we affirmed summary judgment to owners of a truck on a negligence claim brought by plaintiffs whose son was killed in a collision with the owners' intoxicated employee while he was driving the truck. We held that the owners' knowledge that the employee previously had been convicted for driving under the influence and that he previously had driven the truck on the owners' property was not a basis upon which the owners could reasonably anticipate that the employee would drive the truck off their property without permission while intoxicated.[17] Similarly, in *Williams v. Britton*,[18] we affirmed summary judgment for a car owner on a claim that he negligently allowed his brother, with whom he shared a residence and who he knew had an "alcohol problem," access to his car by leaving the keys in the ignition.[19]

Like the plaintiffs in *Butler* and *Williams*, the Bashlors have failed to point to evidence that Walker had knowledge from which he reasonably could have anticipated that his father, even if mentally impaired, would drive his truck. Although the record contains evidence that, shortly before the day of the accident, the father had told a relative that the truck belonged to him, there is no evidence that this conversation occurred in Walker's presence or that Walker was informed of it. And we disagree with the Bashlors' assertion that, because Walker's father renewed his driver's license several months before the accident, Walker had the necessary notice that his father was likely to drive his truck. There was no evidence in the record that the father had driven any vehicle since getting his license, or had attempted during that time period to drive Walker's truck or any other vehicle belonging to members of the household. Moreover, the Bashlors' assertion that Walker must have foreseen his father's actions, based upon his father's medical condition and the fact that his father was driving the truck at the time of the accident, amounts only to conjecture and does not establish a genuine issue of material fact precluding summary judgment.[20] "A jury is authorized only to resolve conflicts in the evidence, and cannot supply evidence where none exists."[21] Because the Bashlors failed to meet their burden of showing a triable issue concerning whether Walker allowed his father access to a key to his truck, reasonably anticipating that his father would attempt to drive the

---

[16] Supra.

[17] Id. at 378-379.

[18] Supra.

[19] Id. at 263-264.

[20] See *Patrick*, supra at 809.

[21] *Cowart v. Widener*, 296 Ga. App. 712, 715 (1) (a) (675 SE2d 591) (2009).

truck in an impaired state, the court did not err in granting summary judgment on the Bashlors' negligence claim.[22]

2. The Bashlors contend that the court erred in granting summary judgment on their claim that Walker was negligent for failing to notify the police after his father drove away in the truck.

"[T]o recover for injuries caused by another's negligence, a plaintiff must show four elements: a duty, a breach of that duty, causation and damages."[23] Pretermitting whether Walker owed a duty to the public to notify the police that his father was driving, as the Bashlors alleged, or whether Walker fulfilled that alleged duty,[24] the evidence does not give rise to a genuine issue of material fact on causation, because the record is devoid of evidence that Walker's decision to pursue his father and ask his mother to call 911, rather than calling the police himself, was a cause in fact of the accident.[25] The court did not err in granting summary judgment on the Bashlors' claim that Walker negligently failed to notify the police.

*Judgment affirmed. Smith, P. J., and Bernes, J., concur.*

DECIDED MARCH 23, 2010 —
RECONSIDERATION DENIED APRIL 7, 2010 — 

*James W. Kytle, Charles M. Cork III*, for appellants.
*Brannen, Searcy & Smith, A. Martin Kent, Angela S. Tarabadkar, McCorkle & Johnson, Catherine M. Palumbo*, for appellee.

---

[22] See *Butler*, supra at 378-379; *Williams*, supra at 263-264.

[23] *Johnson v. American Nat. Red Cross*, 276 Ga. 270, 272 (1) (578 SE2d 106) (2003) (citation and punctuation omitted).

[24] The evidence shows that, at Walker's request, Walker's mother called 911 at some point after his father left in the truck. But the parties dispute when this call was made, and the Bashlors contend that his mother's call did not satisfy Walker's duty of care.

[25] See *Gay v. Redland Baptist Church*, 288 Ga. App. 28, 31 (653 SE2d 779) (2007) (trial court correctly granted summary judgment where there was absence of any competent evidence that alleged negligence did, in fact, cause or contribute to vehicular collision).